## STEBBINS *v.* CLENDENIN.

### Opinion delivered November 18, 1918.

1. TRUST—ENFORCEMENT—SUFFICIENCY OF COMPLAINT.—A complaint, seeking to declare defendant a trustee for plaintiff, which alleged that plaintiff executed a deed absolute to defendant to secure a certain note, and that defendant secured a judgment on the note which was paid in full, sufficiently alleged that the note was paid.

2. MORTGAGES—EQUITABLE MORTGAGE—LIMITATION.—The statute begins to run against an action to declare a deed absolute to be a mortgage and intended to secure a note from the time the note matured.

3. MORTGAGES—LIMITATION—WAIVER.—Where an absolute deed was executed to secure payment of a note, and thirteen years after maturity of the note the creditor accepted payment of the debt, the creditor will be held to have waived the right to invoke the statute of limitations or laches in a suit by the debtor to revest the title in himself.

Appeal from Marion Chancery Court; *Ben F. Mc-Mahan,* Chancellor; reversed.

*J. C. Floyd,* for appellant.

1. It was error to sustain the demurrer. A cause of action was stated and plaintiff was entitled to the relief prayed. The deed absolute in form was a mortgage and the debt had been paid. 95 Ark. 501; 130 S. W. 519; 37 L. R. A. (N. S.) 525. The deed was given to secure a debt and in equity is a mortgage. 7 Ark. 505; 18 *Id.* 34. The

debt had been paid. 114 S. W. 709; 88 *Id.* 299. If a security for debt the deed is a mortgage. 7 Ark. 505; 5 *Id.* 321-340; 40 *Id.* 146.

2. Where a deed absolute in form is given as security for a debt and the debt has been paid, as here, the grantor is entitled to a reconveyance. 27 Ark. 404.

3. The suit is not barred by limitation. This was not an action to foreclose a mortgage. It is to compel a reconveyance of land mortgaged where the debt has been paid and is not barred.

4. This is a mutual transaction and so long as the debt was not barred the right of appellant to a reconveyance upon the payment of the debt is not barred. Judgment was obtained on the note and the judgment paid. The contract cannot be separated; it was an entirety and so long as the rights of one of the parties subsisted and remained enforceable the rights of the other remained enforceable. 67 Ark. 189; 53 S. W. 1057-8; 66 *Id.* 147; 70 Ark. 49.

5. Appellee held the land as trustee and on the payment of the debt was entitled to reconveyance. Equity has power to grant relief against such unconscionable wrongs. 46 Ark. 25; 22 *Id.* 1; 16 *Id.* 122; 52 *Id.* 76; 71 *Id.* 164; 117 *Id.* 481; 30 *Id.* 120; 122 *Id.* 543; 47 *Id.* 320; 53 *Id.* 571; 71 S. W. 669; 53 N. E. 765, etc.

*Williams & Seawell,* for appellee.

1. The complaint does not allege payment of the note and is demurrable. Nor does it offer to pay the note.

2. Even if payment was alleged, the action is barred by limitation. Kirby's Digest, Ch. 102, § 5074. The cause of action accrued as soon as the party who has an action can apply to the proper court for relief. 25 Ark. 462; 21 *Id.* 95; Angell on Limitation, 41. The suit is barred. 27 Cyc. 1562; 65 N. E. 650; 53 *Id.* 594; 142 Ill. 286; 80 Ark. 444; *Ib.* 575.

3. The laws of limitation of this State govern. 96 Ark. 446; 56 *Id.* 187; 21 *Id.* 287; 18 *Id.* 384; 3 *Id.* 409.

Even if an Illinois contract and an "entirety" the suit was barred in this State.

4. The suit is barred by laches. 64 Ark. 345.

HUMPHREYS, J. On the 22nd day of February, 1918, appellant instituted suit against appellee in the Marion Chancery Court to divest the title to the southwest quarter of section 24, township 17 north, range 14 west, in Marion County, Arkansas, out of appellee and to vest same in appellant. It was alleged that a placer mining claim was placed upon the land in accordance with law; that appellant purchased and obtained conveyances to said real estate from the locators; that he performed the necessary work and labor entitling him to a patent; that he entered into a written contract with R. L. Berry, of Yellville, to act as his agent in procuring a patent to the lands from the United States; that, pursuant to the contract, the said R. L. Berry obtained a patent to the lands aforesaid and was holding the legal title for appellant to said real estate on the 25th day of January, 1904; that, in order to perfect his entry and pay the necessary expenses in procuring the patent, he borrowed from appellee $500 on the 2nd day of January, 1904, and executed a promissory note to her in Rock Island, Illinois, on that date, for said amount, bearing interest at the rate of seven per cent. per annum, due and payable six months after date at the Rock Island National Bank in said city; that, in order to secure appellee in the payment of said note, he directed his agent, R. L. Berry, to execute a warranty deed to appellee; that, pursuant to said direction, his said agent, R. L. Berry, did, on the 25th day of January, 1904, execute and deliver to appellee a warranty deed for said real estate; that said conveyance was in the form of a warranty deed, but was intended as a mortgage; that on the 1st day of October, 1914, appellee instituted suit in the circuit court of LaSalle County, Illinois, upon the note aforesaid, together with other items of indebtedness, evidenced by an open account, for damages in the total sum of $1,500; that appellee recovered judgment against

appellant in said action at the January term, 1917, of said court; that, on the 15th day of March, thereafter, appellant paid said judgment in full; and that appellee is now asserting absolute title under said deed to said lands.

Appellee filed a demurrer to the complaint, four grounds of which were sustained by the court. The substance of the grounds sustained were (1) that the complaint did not state facts sufficient to constitute a cause of action; (2) that the cause of action was barred by limitations and laches. After the demurrer was sustained, appellant refused to plead further and stood upon his complaint. Thereupon the court dismissed his bill for the want of equity, and he has duly prosecuted an appeal to this court. Appellee contends that the bill was fatally defective because it did not allege that the note had been paid. This insistence is based upon the fact that the Illinois judgment, attached as an exhibit to the bill, did not mention the note, but showed on its face that it was a judgment for damages. Appellant not only attached the Illinois judgment as an exhibit to the complaint but also attached a duly certified copy of the original pleadings, upon which the Illinois judgment was rendered. The note was specifically set out in the Illinois complaint, and issue joined on it in the answer thereto. Issue was also joined in the pleadings on the items of the account sued upon. The judgment recites that the court "finds the issues joined in favor of the plaintiff, and assesses the plaintiff's damages at the sum of $956.20." The pleadings and judgment together show that all issues joined in the cause were adjudicated by the court and merged in one judgment as damages, in accordance with the prayer in each count in the complaint. The court is therefore of opinion that it was sufficiently alleged in the bill that the note in question had been paid.

It is insisted by appellant that his right of action for a reconveyance of the property did not accrue until he paid the note on March 9, 1917, and therefore not barred either by the statute of limitations or laches on his part. The note matured on June 2, 1904. It was appellant's

duty to pay it at maturity. Appellant could not neglect this duty and thereby indefinitely extend his right to redeem the land. Such a holding would permit him to take advantage of his own wrong. His right to redeem the land, in so far as affected by limitation and laches, must be timed with his duty to pay the note. The bar by statutory limitations, as well as the bar by laches, began to run against appellant on June 2, 1904.

Again, appellant contends that appellee estopped herself from pleading either limitations or laches by accepting payment of the note. Under the allegations of the bill, the note was paid on March 9, 1917, thirteen years after maturity, so it is urged by appellee that she acquired title by limitations and through laches of appellant long before she accepted payment of the note. In other words, appellee invokes the doctrine announced in *Shirey* v. *Whitlow,* 80 Ark. 444, and in the subsequent case of *Hudson* v. *Stillwell,* reported in the same volume at page 575, to the effect that "a mere recognition of some other title does not revest the title acquired by adverse possession." Recognition of title referred to in those cases had reference to simple admissions made by one in possession as to the justness of the former owner's claim. For example: The character of recognition inferable from an offer by the adverse claimant to buy from the former owner, or an executory agreement to readjust the boundary line between the owners of coterminous tracts of land. Of course, such a recognition of another's claim can not have the effect of divesting the title to the real estate acquired by adverse possession. In the instant case, there was more than a mere admission of the justness of appellant's claim and more than an executory agreement to reconvey. It was conceded, for the purposes of the demurrer, that appellee acquired an equitable mortgage from appellant upon the said real estate to secure an indebtedness of $500 and interest; that thirteen years thereafter appellee accepted full payment of the indebtedness, but refused, after receiving payment, to reconvey the property. By acceptance of the debt, appellee necessarily

acknowledged that she had held the lands from the beginning in the capacity of trustee to secure a debt. Her holding constituted her a trustee coupled with an interest in the land to the extent of the debt. The payment of the debt eliminated her interest and left her holding the title as a naked trustee. By accepting the payment, appellee clearly waived the right to invoke the statute of limitations, or laches by appellant, as a defense to the suit.

For the error in sustaining the demurrer and dismissing the bill, the decree is reversed and remanded for proceedings not inconsistent with this opinion.