### CLENDENIN v. STEBBINS.

#### Opinion delivered October 18, 1920.

PRINCIPAL AND AGENT—PRINCIPAL CHARGED WITH AGENT'S KNOWLEDGE. —Where an agent who negotiated a loan for his principal knew that an absolute deed to her was intended as security for the loan, the principal will be charged with the agent's knowledge and bound to reconvey the land after payment of the loan.

Appeal from Marion Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

*Chas. S. Harris* (of Illinois) and *Williams & Seawel,* for appellant.

1. Where a deed is absolute in form, the legal presumption is that it is what it purports to be, a deed, and the burden is on him who asserts it to be a mortgage and the intention must be clear and decisive. 75 Ark. 551; 88 *Id.* 299; 106 *Id.* 583; 109 *Id.* 535; 27 Ark. 1007; 75 Ark. 551.

2. The findings and decree, in view of the law, are clearly against the preponderance of the evidence.

3. A deed, absolute in form, intended as security for a debt, may in equity be shown to be a mortgage, and so intended. 95 Ark. 501; 130 S. W. 519; 37 L. R. A. (N. S.) 525; 7 Ark. 505; 18 *Id.* 34; 5 *Id.* 321-6. The test is the continued existence of the debt after the socalled deed is executed. 114 S. W. 709; 88 *Id.* 299. If security for a debt it is in equity a mortgage. *Ib.* 40; *Id.* 146.

4. Where a deed, absolute in form, is a mere security for a debt (a mortgage) and the debt has been satisfied, the grantor is entitled to a reconveyance. 27 Ark. 404. The allegations of the complaint were not

sufficient (136 Ark. 391), and are not sustained by the evidence. 75 Ark. 551.

*J. C. Floyd,* for appellee.

The allegations in the complaint state a cause of action. A deed, absolute in form, if made to secure a debt, is in equity a mortgage. 95 Ark. 501; 130 S. W. 519; 37 L. R. A. (N. S.) 525; 7 Ark. 505; 18 *Id.* 34. The intention of the parties should be carried out, and here a mortgage was clearly intended. 18 Ark. 34; 7 *Id.* 505; 5 *Id.* 326. The test is the continued existence of the debt it was given to secure. 114 S. W. 709; 88 Ark. 299. When the debt is paid, the grantor is entitled to reconveyance. 27 Ark. 404. The sufficiency of the allegations of the complaint is settled by 136 Ark. 391. The deed was a mortgage, though absolute in form. 75 Ark. 551. The allegations of the complaint are sustained by a clear preponderance of the evidence.

McCULLOCH, C. J. This is an action instituted by appellee against appellant to divest the title to a certain quarter section of land in Marion County out of appellant and to vest the title thereto in appellee. The basis of appellee's claim was that appellant held the legal title to the land as security for a debt which appellee owed to appellant and which he paid to her, and the prayer of the complaint was that the deed be decreed to be a mortgage.

It was alleged and proved that appellee located a mining claim on the land in controversy, and that he entered into a written contract with R. L. Berry, of Yellville, Arkansas, to act as his agent in procuring a patent from the United States Government in his (Berry's) name, and that Berry should hold the title as trustee for appellee and convey it to appellee or to any one to whom appellee directed him to convey; that appellee borrowed the sum of $500 from appellant to be used in paying the expenses of procuring the patent and executed to appellant his promissory note; and that subsequently Berry procured the patent in his own name and, upon appellee's direction, conveyed the land to appellant upon

the agreement that the latter should hold the title as security for the debt. It was further alleged and proved that appellant subsequently instituted suit on the note in the State of Illinois and obtained judgment against appellee, and that appellee paid off the judgment, thus extinguishing the debt for which the land was held as security.

The court originally sustained a demurrer to the complaint setting forth these facts, but on appeal it was decided by this court that the court erred in sustaining the demurrer, and the cause was remanded with directions to overrule the demurrer and for further proceedings. *Stebbins* v. *Clendenin,* 136 Ark. 391. On the remand of the case appellant filed an answer, denying that the conveyance of the land by Berry to her was for the purpose of securing the note executed to her by appellee. She alleged, on the contrary, that she purchased the land and received from Berry the conveyance for an independent consideration, and that she had no knowledge or information that Berry held the land in trust for appellee. We are of the opinion that the decree of the chancellor in appellee's favor is supported by the evidence; at least it is not against the preponderance of the testimony.

Appellant resided and still resides at Galesburg, Illinois, and her transactions with appellee were conducted through her husband, Clendenin. However, that was before she intermarried with Clendenin, but she made the loan to appellee through Clendenin, who was acting for her in the transaction. She testified that Clendenin owed her the sum of $800, and that subsequently he proposed to her that if she would accept it he would procure for her the conveyance of this land in Marion County, Arkansas, in extinguishment of his debt to her, and that she consented to accept the conveyance for that purpose. She testified that she had no knowledge or information that appellee had any interest in the land, and that she accepted the conveyance, not as security for appellee's note, but solely in extinguishment of the debt which Clendenin owed her. On the

other hand, the proof is clear that appellee borrowed the money from appellant through her agent, Clendenin, for the purpose of defraying the expenses of procuring the patent to this land, and that Berry executed the deed to appellant upon appellee's direction, solely for the purpose of securing the note. Berry testified that he executed the deed of conveyance to appellant at the request of appellee, and that he mailed the deed to appellee for delivery to the grantee. Appellee testified that the sole purpose of the conveyance was to secure his note which he had previously executed to appellant, and that he received no other consideration.

It is not contended that Berry received any consideration from appellant or from Clendenin. The principal contention on this appeal is that appellant received the deed from Clendenin under the statement that he had purchased the land for her and paid for it, and that she had no knowledge of the fact that appellee had an interest in the land or that the purpose of the conveyance was to secure appellee's debt to her. The answer to this contention is that appellant acted through her agent, Clendenin, and she is chargeable with the knowledge of her agent while acting for her. Clendenin did not testify in the case, and there is no contradiction of the testimony of appellee to the effect that there was no other consideration than the security for the debt. Appellee was bound by the acts of her agent in accepting the conveyance as security for the debt, and the decree must therefore be affirmed.