SHACKLEFORD v. STATE.

Opinion delivered March 5, 1928.

1. WITNESSES—CROSS-EXAMINATION.—In a prosecution for manufacturing liquor, it was competent to cross-examine defendant as to his being at a certain place with liquor and gun, as affecting his credibility.

2. CRIMINAL LAW—MOTION TO EXCLUDE TESTIMONY.—Where no objection was made to testimony at the .time it was offered, a motion to exclude cannot be insisted on as a matter of right, but addresses itself to the discretion of the court.

3. CRIMINAL LAW—DISCRETION AS TO EXCLUDING TESTIMONY.—Where defendant did not object to the testimony introduced by the State tending to impeach the defendant, and thereafter cross-examined a State's witness at great length, the trial court did not abuse its discretion in refusing to exclude the testimony on defendant's motion.

4. CRIMINAL LAW—MATTERS NOT SHOWN BY BILL OF EXCEPTIONS.—An assignment of error as to receiving a verdict in defendant's absence, assigned in the motion for new trial, but not otherwise appearing in the record. will not be considered on appeal.

5. INTOXICATING LIQUORS—SUFFICIENCY OF EVIDENCE.—In a prosecution for manufacturing liquor, evidence *held* to support a conviction.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*George A. Hurst,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

McHANEY, J. Appellant was convicted for manufacturing liquor, and sentenced to one year in the penitentiary. Appellant was a witness in his own behalf, and, on cross-examination, he was asked if he remembered being down at Hattabaugh's place with a fruit jar of liquor and a gun, at which time he was about to get into a fight with the Hattabaughs, and he denied being there with liquor, or that he had any gun, or any trouble with the Hattabaughs. Upon objection, the court held that the witness could answer whether he had any liquor there.

This testimony was competent, as affecting the credibility of the witness. In the recent case of *Jim Bowlin* v. *State,* 175 Ark. 1115, 1 S. W. (2d) 533, where the assignment of error was that the court had erred in permitting the prosecuting attorney to ask the appellant, on cross-examination, if he was the same Jim Bowlin that had been sent to the penitentiary from Newton County for cutting a preacher up, and also what he was convicted of, and why he had served a jail sentence at Dardanelle about a year before, we there said: ''Appellant was a witness in his own behalf, and the above questions were asked on cross-examination, and it is well settled in this court that the defendant may be asked on cross-examination about other crimes committed by him, whether he has been in jail, the penitentiary, or any other place that would tend to impair his credibility''; and we there quoted from the leading case of *Hollingsworth* v. *State,* 53 Ark. 387, 14 S. W. 41, as follows: ''It has always been held that, within reasonable limits, a witness may, on cross-examination, be very thoroughly sifted upon his character and antecedents. The court has a discretion as to how far propriety

will allow this to be done in a given case, and will or should prevent any needless or wanton abuse of the power. But, within this discretion, we think a witness may be asked concerning all antecedents which are really significant, and which will explain his credibility.'' See also *Whittaker* v. *State,* 171 Ark. 762, 286 S. W. 937.

The cases cited by appellant, to the effect that a witness may not be asked concerning mere accusations of other crimes, are not in point here. Here the witness was asked concerning a fact peculiarly within his knowledge, that is, whether he had had a fruit jar with liquor in it at a certain place, and brandished a gun. There was no error in permitting this cross-examination.

After the conclusion of the appellant's testimony, the State called Henry Lollar as a witness in rebuttal, who contradicted appellant regarding the fruit jar with liquor in it, and the brandishing of a gun in connection with the Hattabaughs, and appellant contends that the questions asked Earle Shackleford were on collateral matters, and that the admission of Henry Lollar's testimony in contradiction thereof was erroneous and prejudicial. A sufficient answer to this assignment is that no objection was made to the admission of the testimony of Henry Lollar, who was fully cross-examined by counsel for appellant, both with regard to the liquor and the brandishing of a pistol.

At the conclusion of this witness' testimony, counsel for appellant moved the court to exclude the testimony of the witness, Henry Lollar, which was overruled by the court, and he excepted. This court has many times held that, where no objection is made to the testimony at the time it is offered, a motion to exclude cannot be insisted upon as a matter of right, but addresses itself to the discretion of the court. See *Middleton* v. *State,* 162 Ark. 530, 258 S. W. 995, where the court said: ''A defendant is not permitted to sit by and allow testimony to be developed against him and then, as a matter of right, have it withdrawn from the jury. The exclusion of the testimony, after it had been offered, was a matter

in the discretion of the court, and it does not appear to us that the court abused its discretion in this regard.''

So here appellant not only sat by and permitted Henry Lollar's testimony to be developed by the State without objection, but he cross-examined him at length, and we cannot say that the court abused its discretion in not excluding the testimony, on motion of the appellant. *Stone* v. *State,* 162 Ark. 154, 258 S. W. 116; *Stevens* v. *State,* 143 Ark. 618, 221 S. W. 186; *Farris* v. *State,* 133 Ark. 599, 203 S. W. 4; *Warren* v. *State,* 103 Ark. 166, 146 S. W. 477, Ann. Cas. 1914B, 698.

The next error assigned by counsel is, ''because the jury brought in its verdict at about 10 o'clock at night, and turned the same into the court in the absence of the defendant and his attorney, and the court discharged the jury in the absence of the defendant and his attorney, and, so far as he knows, without making any effort to locate him or his attorney; and that said verdict was read to him by the court, on the next day, after the jury was discharged.'' These allegations of fact on this assignment do not appear in the record. There is nothing to support this assignment in the record, except that the error is assigned in the motion for a new trial and the affidavit of counsel for appellant, filed with the record in this case. It does not appear in the bill of exceptions. These matters should have been set out in the bill of exceptions, and if the court refused to sign the bill of exceptions as prepared, appellant could have then established his assignment and incorporated it in the bill by bystanders, as provided by § 1322, C. & M. Digest, or have proved same on his motion for a new trial, if counsel for the State would not stipulate with him as to the bill. This assignment of error in the motion for a new trial, being supported only by the affidavit of counsel for appellant, is not sufficient to contradict the record, which appears regular on its face, and we therefore overrule this contention.

It is finally insisted that the verdict is not supported by sufficient testimony; in other words, that there is no

substantial testimony in the record tending to show appellant's guilt. We have examined the testimony carefully. Appellant was found at the still, and the witnesses testified that they saw him and another, jointly indicted with him, carrying water to the still, and performing other duties about the still, which was in operation at the time of their arrest. Without setting the testimony out in full, or going into the matter further, there was sufficient testimony to support the verdict, and the judgment is accordingly affirmed.