SANDUSKY v. WARREN.

Opinion delivered May 14, 1928.

272

Jesse Reynolds, for appellant.

Paul McKennon, for appellee.

McHANEY, J. Appellee brought this action to recover damages for personal injuries received by him while employed in appellant's heading mill on September 24, 1926. He was 22 years old at the time. He was employed, about three days before his injury, to operate a trimming-saw by running the heading through such saw in order to trim off the bad part of the heading. While doing this, a splinter of wood from a piece of heading was thrown off by the saw, which struck appellant in his left eye, and totally destroyed it. The saw was operated through a table, the upper half of the saw passing some eight or ten inches above the top of the table. He was inexperienced in this particular character of work, and alleged that he was not aware of the danger, and was not warned by his employer, or anyone else thereof, and that the defendant was negligent in failing to place a guard or screen over the saw at which he was working, which would have prevented his injury.

Appellant denied all the allegations of negligence, and pleaded contributory negligence as a bar to recovery.

A trial of the case in December, 1926, resulted in a verdict and judgment for appellee for $250. On motion of counsel for appellee, the verdict and judgment in that case were set aside on account of misconduct on the part of some of the jurors in this trial. The case again came on for trial on December 9, 1927, which resulted in a verdict and judgment for appellee for $750, from which is this appeal.

Several assignments are made for reversal of this case, the first being that the court erroneously set aside the verdict and judgment in the first trial. The action of the court setting aside that judgment was made at the same term, and upon testimony which has not been brought into the record by a bill of exceptions, and was not objected to. Appellant admits that testimony was introduced on this question without objection. We cannot therefore consider this assignment of error, as there is nothing in the record upon which to base the assignment contained in the motion for a new trial. *Shackleford v. State,* 176 Ark. 578, 3 S. W. (2d.) 962.

In the next assignment complaint is made of the insufficiency of the evidence to support the verdict—that there is no evidence on which to base the verdict. Ed Haigwood and S. A. Holt both testified that, in the operation of a saw exactly similar to that of appellant at which appellee received his injury, it was proper to use a screen guard over the saw. They had both been engaged in the lumber business instead of the heading business, but they used similar saws to the one in question in their mills, and they used guards on the saws for the protection of the operator against slivers and dust. This was competent testimony, as tending to show that the saw in question would have been safer with such a guard or screen. Appellant raised no objection to this testimony when it was offered, as reflected by his abstract, and therefore, even though incompetent, it was waived. This testimony tends to support appellee's theory that appellant was guilty of negligence in failing to exercise ordinary care to provide appellee a safe place in which to work.

It is finally insisted that the court erred in giving instructions Nos. 3, 4, 6 and 7. Nothing but general objections were made to any of these instructions. We do not set them out in full, as no useful purpose could be served thereby. Appellant asked no instructions on his own account, but was content to let the case be submitted to the jury on instructions given by the court, both on its own account and at the request of appellee. We have examined them carefully, and find no error in them. No. 3 told the jury that the master is not an insurer of the safety of the servant, but is required to exercise only ordinary care and diligence to furnish him a safe place in which to work, and safe machinery with which to work, and that, if appellant "understood and appreciated the dangers that he was going into when he took that sort of employment, and knew what those dangers were, then he would assume whatever risk might attach to it." No. 4 was simply a statement of the contentions of appellee, and that as to whether appellant was negligent was a question for them to determine. In this instruction the question was left to the jury as to whether it was negligence on the part of appellant in failing to provide a guard or shield for the saw to prevent flying splinters or fragments from striking the employee and injuring him.

In No. 6, the question of his inexperience and as to the necessity of being warned were submitted to the jury. In this instruction it is said:

"It is the duty of the master to advise the servant of the existence of those dangers in connection with the work and to point out to him this danger and warn him, and if he fails to do that, it is a question for you to determine whether or not his failure was negligence."

No. 7 is a continuation along the same line. In this instruction the court told the jury that, if they found "that Earl Warren entered upon that work there and could see and did see and did know and realize that it was dangerous, and he went ahead and worked there after he appreciated the danger and knew what it was, then he assumed the risk."

We have examined all the instructions given in the case, and find them to be correct declarations of law as applied to the facts in this case. We think there was sufficient evidence to take the question of liability to the jury, and its decision is binding on this court. No error appearing, the judgment is affirmed.