### MINICH v. BASS.

Opinion delivered March 2, 1931.

*Rowell & Alexander* and *W. A. Leach,* for appellant.
*G. W. Botts,* for appellee.

HUMPHREYS, J. This suit in unlawful detainer and for the possession of lots 13 and 14 in block 14 in the incorporated town of Gillett was brought in the circuit

court of Arkansas County, Southern District, by appellant against appellee. It was alleged in the complaint that appellee entered into possession of this property under a verbal lease with the then owner, W. B. Sanders, trustee, for the term of five months beginning July 1st and ending December 31, 1929, at a monthly rental of $25, and, although notified of the purchase of the property by appellant and to vacate same in thirty days after the termination of the lease, he continued in the possession and refused to pay rent.

Appellee filed an answer denying that he was in possession of the property under a rental contract, but, on the contrary, was occupying same under an oral contract to purchase from W. B. Sanders, trustee, which antedated appellant's purchase of the property.

The cause was tried to a jury upon the pleadings and testimony resulting in a verdict against appellant, and a consequent judgment dismissing his complaint, from which is this appeal.

Said lots, together with other property in and around Gillett, was owned by appellee prior to his failure in business. His creditors instituted bankruptcy proceedings against him, and, during the pendency thereof, an arrangement was entered into between him and them whereby they would buy in all his property in the name of W. B. Sanders, trustee, and then resell it and a large stock of merchandise to him for $30,000. This arrangement was perfected, and under the agreement appellant paid his creditors about $18,000, leaving a balance due them of over $12,000. On account of a depression in business, he was unable to pay them as rapidly as desired, so, in order to close the matter up and put it in tangible form, said creditors sold the lots in question and other real estate to appellee for the balance due them, payable in monthly installments. The contract of sale was reduced to writing on April 2, 1928, and appellee took possession of the real estate, personally occupied the business buildings on said lots and rented the other real

estate to third parties. He paid the installment note due May 1, 1928, but made default in the payment of the others subsequently falling due. On or about July 1, 1929, the contract was terminated by mutual agreement, the notes being returned to appellee and the contract to W. B. Sanders and, by agreement, appellee remained in possession of all real estate, and there is conflict in the testimony as to whether he retained the possession under lease or whether under a new contract of sale and purchase thereof.

The testimony introduced by appellant was to the effect that appellee rented the lots from W. B. Sanders, trustee, for a monthly rental of $25 per month, and that he agreed to collect the rents on the other real estate and remit same to W. B. Sanders; that he did collect the rents on the other real estate and remitted same, together with his own rent, to W. B. Sanders until January 1, 1930, after which time he refused to remit the rents collected or to pay his own rent.

The testimony introduced by appellee was to the effect that he remained in possession of all the real estate after the termination of the written contract under an oral contract for the sale and purchase thereof for $12,000, the balance of his indebtedness to his creditors, with the understanding that he would pay as much as he could per month, in addition to the rents collected on the other property, upon the indebtedness and would negotiate a loan and pay the remainder on or before January 1, 1930; that he remitted certain amounts thereafter to W. B. Sanders, as trustee, until the 1st day of January, 1930, together with a statement showing the sources from which the amounts were received, and in the meantime notified W. B. Sanders, trustee, that he had obtained a loan from the Building & Loan Association and wanted to close the matter up with them; that he received no response from them relative to the matter.

Appellant introduced three of the statements appellee sent with the monthly remittances. They are alike in

form, so only one of them will be set out herein. It is as follows:

"Bass & Sons
"Gillett, Ark.

Rent Acct., Oct. 22-29

T. P. Bass, Oct. 1 to Nov. 1...............................................$25.00
I. J. Rollison, Sept. 15 to Oct. 15......................... 25.00
E. T. Leslie, not paid.
Ira Beasley, Sept. 15 to Oct. 15.
House 1 South................................................................. 10.00
House 2 North, vacant.
"Cashier check for same.

"T. P. Bass.

"Think I can get the Leslie check this week and send to you.

"T. P. Bass."

When asked on cross-examination, if the amounts were payments upon the indebtedness he owed his creditors instead of rent for the use of the property, why it appeared as a rent account on the statement, he replied that he used printed rent statements in sending the remittances that Bass & Sons had used in their business prior to their failure.

The firm of Bass & Sons was adjudged a bankrupt on December 6, 1922. On the 19th day of March, 1923, the trustee in bankruptcy conveyed the above described real estate, along with other properties, to W. E. Collier, one of the creditors. On the 8th day of May, 1923, W. E. Collier and wife conveyed said property to W. B. Sanders, as trustee. On the 23rd day of December, 1929, W. B. Sanders, trustee, conveyed said property to the appellant.

The only question at issue in the trial court under the pleadings and testimony was whether or not the relationship of landlord and tenant or that of vendor and vendee existed between appellee and W. B. Sanders, trustee. The jury was told by the court to return a verdict for the appellant if it found that the relation-

ship of landlord and tenant existed between appellee and W. B. Sanders, trustee, but, if the relationship of vendor and vendee existed between them, to return a verdict for appellee. As stated before, there was a verdict and judgment for appellee. The sole question therefore on this appeal is whether or not the evidence, viewed in the light most favorable to appellee, is sufficient to sustain the verdict.

Appellant argues that appellee's testimony to the effect that he was not a tenant of W. B. Sanders, trustee, is wholly discredited by the written statements he made in remitting the monthly amounts under the last agreement. It is true that the statement shows on its face to be one for rents, and, without any explanation on appellee's part, would show that he was a tenant and not a vendee. His explanation, however, was that the statement he mailed to W. B. Sanders each month was made out on an old printed form for rent accounts that was used by Bass & Sons before they failed in business. The three statements were introduced in evidence and inspected by the jury. The jury evidently accepted the explanation by appellee as true and treated the amounts remitted as payments upon the indebtedness to his creditors and not as rents for the use of the property. In view of the explanation, we cannot say as a matter of law that the statements wholly discredited appellee's testimony. Treating it as credible, we can say that the undisputed evidence reflects that appellee was a tenant. Appellant also argues that, if full credence be given the testimony of appellee, the contract of sale and purchase was within the statute of frauds and void because there was no change of possession of the real estate when same was entered into between the parties. According to appellee's testimony, the last agreement was but a continuation of the former written contract for the sale and purchase of the property, so we think the last agreement was clearly supported by the possession he acquired under the written agreement and retains under the oral agree-

ment.   The retention of the possession under the circumstances was tantamount to again taking possession under the oral contract, and was sufficient part performance to take the sale and purchase of the real estate out of the statute of frauds.   It would have been a needless and useless ceremony to have moved out and immediately moved back again.

No error appearing, the judgment is affirmed.