Bass *v.* Minich.

4-4699

Opinion delivered October 4, 1937.

*G. W. Botts,* for appellant.

*Rowell, Rowell & Dickey* and *W. A. Leach,* for appellees.

BUTLER, J.   Four points are raised and argued for reversal, the first being that the decree of the trial court is void because of disqualification of the chancellor to hear and determine the issues presented.

1.   The contention as to the disqualification of the trial judge is grounded on the fact that when the suit was first filed, and before he became the judge of the court he was made a party defendant as special administrator of A. W. Nunn, deceased.   In our examination of the record, we have been unable to discover any formal petition directed to the judge suggesting his disqualification.   The only record relating to this matter seems to be the following entry on the docket of the court:   "Motion of defendant to disqualify court for reason that court

was named as special administrator for A. W. Nunn, deceased, in the original complaint filed in the case on September 5, 1933. Overruled and exceptions saved.'' The suggestion of disqualification must have been grounded upon the fact that the judge was named defendant for the estate of A. W. Nunn. It seems clear, however, that this estate had no interest in the matters involved in the litigation and a disclaimer of any such interest was prepared and filed in the case.

Appellant insists that there was interest shown because the answer of the administrator, after setting out the formal disclaimer, concludes as follows: ''He adopts the answer and cross-complaint of the said Rubye A. Collier and the said C. M. Ferguson & Son heretofore filed herein, and prays the same relief and all other and further relief.'' It is clear that no importance can be attached to the language of the answer above quoted, for if the administrator of the Nunn estate had no interest in the litigation he was entitled to no relief save an order dismissing him as a party to the suit. In overruling the motion, the judge clearly indicated that in his opinion he had no interest in the result of the litigation such as would work his disqualification, and if counsel thought otherwise, it was his duty to make proof of such facts as he thought necessary to establish the disqualification. No effort of this kind was made. No affidavit was filed relating to the disqualification of the judge nor any proof offered on that subject.

In the case of *Ingram* v. *Raiford,* 174 Ark. 1127, 298 S. W. 507, the following rule is announced with approval and is conclusive on the question of the disqualification of the judge: ''Unless it is where the affidavit filed is considered conclusive, there is no presumption that a judge is disqualified, the burden being on the party asserting it to present facts showing such disqualification. The evidence must clearly show that a ground exists. A *prima facie* case only is not sufficient. 33 C. J., 1017, § 190. And in Ruling Case Law it is said: 'If the facts alleged are not admitted by the judge or are denied by the adverse party, it is the duty of the party objecting to

lay before the judge proof of their truth for his determination.' 15 R. C. L., 539, § 27.''

2. It is assigned as error and argued that this case should be reversed on the ground that no competent testimony was introduced to establish the issues on behalf of the appellees in the instant case; that the testimony introduced was that of W. E. Collier, W. B. Sanders, trustee, E. B. Minich, T. P. Bass and H. H. Ferguson taken in a former case and transcribed and filed as depositions in the instant proceeding. It is insisted that it is not shown that any of these witnesses are dead or beyond the jurisdiction of the trial court, and that it does not appear that the testimony taken in the former case was between the same parties and relating to the same issues as in the case at bar. We have carefully examined the record, and are unable to find any objection to the testimony offered by the appellees save that contained in the ''Motion to Suppress Depositions, filed 1/9/36.'' This is a motion to suppress the deposition of John H. Hooker and the testimony of W. B. Sanders and W. B. Collier with all the exhibits thereto. We have, also, been unable to find any testimony abstracted as given by W. B. Sanders or John H. Hooker. In reciting the testimony of the witnesses upon which the case is submitted, no reference is made to any testimony given by Sanders or Hooker. This leaves only the testimony of W. E. Collier, to which objection was made in the ''Motion to Suppress.'' In *Minich* v. *Bass,* 189 Ark. 1171, 70 S. W. (2d) 1039, the testimony of Collier was given and transcribed and introduced at the trial of the instant case. A part of this testimony relates to Collier's contention that Bass was not in possession of the lands involved under a verbal contract of purchase, but only under an option to purchase, and that no part of the consideration for his option had been paid. This testimony, therefore, is both competent and relevant on the issue presented in the case at bar as to whether or not appellant had, in fact, paid anything on the purchase price and what balance, if any, was still unpaid. The testimony of the other witnesses complained of related to the same ques-

tion and was, therefore, competent and relevant to the issues here involved. So far as we have been able to discover, no objection was made to the testimony of any of the witnesses, except that of Collier, and no objection having been made to its introduction, appellant must be deemed to have waived the manner and form in which it was offered. There is no doubt but that W. E. Collier was dead at the time this case was submitted. This affirmatively appears in the record where his death is suggested and a special administrator appointed. Appellant insists that the suggestion of Collier's death and the appointment of a special administrator is no proof of his death. We think, however, that this establishes *prima facie* the death of Collier, and was sufficient to lay the foundation for the introduction of his former testimony.

3. The real question in this case is that raised by appellant's plea of *res judicata*. Appellant contends that if such plea was not available, the trial court erred in refusing to give judgment in his favor on his counterclaim for the money alleged to have been paid by him on the purchase price of the property, and to declare a vendee's lien for the satisfaction thereof. The plea of *res judicata* is based upon the contention that the issues involved in the instant case are the same as those adjudicated in favor of the appellant in the cases of *Minich* v. *Bass*, 183 Ark. 350, 36 S. W. (2d) 66, and *Minich* v. *Bass, supra*. The records in those cases are here presented for our consideration, with much of the testimony, but we are of the opinion that the issues there raised and determined can best be stated in the language of this court. In the first case, 183 Ark. 350, 36 S. W. (2d) 66, we said: ''This suit in unlawful detainer and for the possession of lots 13 and 14 in block 14 in the incorporated town of Gillett was brought in the circuit court of Arkansas county, southern district, by appellant against appellee. It was alleged in the complaint that appellee entered into possession of this property under a verbal lease with the then owner, W. B. Sanders, trustee, for the term of five months beginning July 1st and ending December 31st,

1929, at a monthly rental of $25, and, although notified of the purchase of the property by appellant, and to vacate same in thirty days after the termination of the lease, he continued in the possession and refused to pay rent. Appellee filed an answer denying that he was in possession of the property under a rental contract, but, on the contrary, was occupying same under an oral contract to purchase from W. B. Sanders, trustee, which antedated appellant's purchase of the property." The jury resolved the issues in favor of the defendant and this court affirmed its action.

The second case, 189 Ark. 1171, 70 S. W. (2d) 1039, was a suit in ejectment brought by Minich against Bass. Referring to the first case, 183 Ark. 350, 36 S. W. (2d) 66, the court said: "That suit was between the same parties and involved the right of possession to the same property. The only difference in the two suits is that the first suit * * * was an action of unlawful detainer, and this suit is an action in ejectment. In both suits, it was claimed by the appellant that he was the legal owner of the property, having received a deed from W. B. Sanders, trustee, conveying him the property, and in both suits the contention of the appellee was that he was in possession of the property, occupying it under an agreement to purchase."

In both cases from which we have quoted, *supra,* the real question was who was entitled to the possession of the real property involved, Bass or Minich? In the case at bar, such is not the question. The right of possession is not involved and the parties are not the same, although much of the testimony taken in the previous cases is relevant to the issues in the case now before us. Minich, plaintiff in the court below, alleged that the title to the property in controversy was formerly vested in W. B. Sanders, trustee, for the use and benefit of A. W. Nunn, W. E. Collier and H. H. Ferguson; that he had purchased some of this property from Sanders, the trustee, who had conveyed same to him by warranty deed; that A. W. Nunn was deceased and Harry T. Wooldridge was the administrator of his estate; that the defendant, T. P. Bass, claimed to own the property and that defendant,

I. J. Rollison, had contracted to purchase certain parts of it, but had paid nothing thereon. Minich further alleged that if it were true that Bass had purchased the real estate in controversy, the vendors should have a lien on same to secure the payment of the purchase money remaining unpaid. He prayed for a receiver as to a part of the property. W. B. Sanders, trustee, W. E. Collier, H. H. Ferguson, Harry Wooldridge, administrator, and I. J. Rollison were made parties defendant with Bass. The prayer of the complaint was in effect that the court determine whether or not Bass had purchased the property, the terms of his contract, the amount paid under same, if any, the balance of the unpaid purchase price, if any remained unpaid, whether or not the contract could be specifically performed and for judgment for the balance of the purchase price, and that a lien be fixed upon the lands for its payment.

The administrator of the estate of A. W. Nunn filed an answer disclaiming any interest in the subject-matter of the controversy. Rubye A. Collier and C. M. Ferguson & Son filed an answer and cross-complaint in which the history of the dealings between Bass and the interests represented by them was set out. They prayed that if it should be determined that Bass was in possession of the property as vendee under a valid and subsisting contract of purchase, they should have judgment for the balance of the purchase money found to be due, and for the amount of taxes paid by them on the property, and that a lien be declared against the lands and the same sold to satisfy the judgment, if the money due them was not paid within a reasonable time.

Bass answered, denying execution of a deed by W. B. Sanders, trustee, to the plaintiff, Minich, and alleged that at the time of the purported execution he (Bass) was in possession of the property. He denied that the vendors had a lien upon the property or any part thereof for the purchase money, or that any purchase money is due "plaintiff or these defendants, and further states that it is immaterial, with reference to the issues in this case, as to whether there was a balance due or not

because the same has long since been adjudicated by the court in these cases.'' Then follows the formal plea of *res judicata*.

The trial court, after hearing the evidence, found that the defendant, Bass, was in possession of the property under a verbal contract of purchase for the sum of $10,500, no part of which had been paid, and which, with interest, amounted to the aggregate sum of $14,-739.20; that under the contract of purchase, Bass was obligated to pay certain insurance premiums and taxes; that he failed to pay same, which sums were paid by C. M. Ferguson & Son in a total amount of $583.89. The court further found that all of the interest of A. W. Nunn, deceased, and H. H. Ferguson, deceased, in and to the above described lands and contract is now vested in C. M. Ferguson & Son and Rubye E. Collier; that the deed executed by Sanders, trustee, to the plaintiff, Minich, purporting to convey to him certain of the property involved, operated as an assignment *pro tanto* of said above contract of purchase and sale, and transferred to the plaintiff, Minich, an interest in said contract and all the rights of his grantors in the property which had been conveyed to him. The court then decreed that if the sums found to be due for unpaid purchase money, insurance premiums and taxes, be not paid within ten days, the contract under which Bass held should be foreclosed and the lands sold to satisfy the aforesaid sum of money, which was declared to be a lien prior and paramount to all others.

From the foregoing excerpts from the pleadings and decree of the trial court, it clearly appears that the questions presented and decided in the instant case were not raised or adjudicated in either of the former cases upon which appellant relies to support his plea of *res judicata*. These were law cases adjudicated in the circuit court. The relief requested by the defendants and cross-complainants, Collier and Ferguson & Son, in the case at bar was such only as a court of equity could grant, and, therefore, could not have been presented and adjudicated in the circuit court. It goes without question that a judg-

ment of a court of competent jurisdiction is conclusive of all questions within the issue, whether formally litigated or not. It extends not only to questions of fact and law, but also to grounds of recovery or defense which might have been, but were not, presented. *Taylor* v. *Taylor,* 153 Ark. 206, 240 S. W. 6. This rule, however, has no application here because the question of a vendor's or vendee's lien was not within the issue in the former suits. Neither could it be. Another reason why the plea is not available is that the parties in the present suit are not the same as those in the cases pleaded in bar. *Corder* v. *Norsworthy,* 109 S. W. (2d) 136. Decided October 4, 1937.

4. It is insisted by the appellant that the conduct of the appellees in conveying a part of the lands involved made it impossible for them to carry out their contract, and that appellant is, therefore, entitled to recover the amount of purchase money paid by him and to have the same declared a lien on the property he contracted to purchase prior and paramount to all others. The answer to this contention is that the trial court found the appellant's possession to be under a valid contract of purchase, and that the only right acquired by Minich as against appellant was to share proportionately in the judgment for the balance of the purchase price found to be due by him. The trial court further found that nothing had been paid on the purchase price, and, therefore, there was nothing on which a vendee's lien could attach. As we interpret the decree, it provides that the appellant shall have the benefit of his purchase, when he has paid the balance of the consideration due, free and clear of the claim of any and all of the appellees.

In stating the grounds upon which reversal is asked, there is no contention that the decree of the trial court is against the preponderance of the testimony, but that question is incidentally argued in appellant's brief. For a history of the case, reference is made to our decisions in the two cases of *Minich* v. *Bass, supra.* Without attempting to review the evidence in detail, which would unduly extend this opinion and could serve no useful

purpose, we deem it sufficient to say that we are of the opinion that the holding of the lower court is not against the preponderance of the evidence.

The decree is correct, and it is, therefore, affirmed.