BROOKS *v.* GILLAM.

4-5655 133 S. W. 2d 25

Opinion delivered November 6, 1939.

*Harper & Harper,* for appellant.
*Holland & Holland,* for appellee.

McHANEY, J. On January 15, 1938, appellees instituted separate actions in the justice court of Center township, Sebastian county, to recover an indebtedness owing them by the appellants. Writs of garnishment were issued against the circuit clerk, who held money in his hands belonging to the appellants. Judgments were rendered in the justice court for each appellee for the amounts sued for and the garnishment against the circuit clerk was sustained. The defendants before the justice of the peace appealed each action to the circuit court where the actions were submitted to the circuit court, sitting as a jury, on an agreed statement of facts substantially as follows: It was agreed that the appellants were indebted to appellee Gillam in the sum of $100 and interest at 10 per cent. on a promissory note executed by them, and that they were indebted to appellee Smidth in the sum of $16.75 with interest for work and labor done by him; that on December 23, 1938, appellants filed a complaint against W. T. Graham and Ben Hall in the circuit court of Sebastian county for the Greenwood district and that each of the appellees intervened in that cause asking judgment against both appellants and the defendants in that action on account of their note and account. It was further agreed that the transcript of the pleadings and judgment in that cause in the circuit court of the Greenwood district, attached to the stipulation as exhibit ''A,'' was a true and correct copy of the judgment and all pleadings pertinent

to the issues in said cause and that a judgment was subsequently rendered in that cause in favor of appellants against Graham and Hall and that appellees did not recover any judgment against any of the parties to that action; that the question of the liability of appellants upon the note and account of appellees, apart from any liability of Graham and Hall, was not submitted to the jury; that no appeal was taken from said judgment; that appellants do not deny the indebtedness claimed by the appellees, but that they pleaded the judgment in the aforesaid circuit court action in bar of the right of appellees to recover against them in this action and offer no further defense against the note and account.

The trial court, sitting as a jury, heard the plea of *res adjudicata,* overruled same and entered judgment for appellees; hence this appeal.

We think the court correctly overruled the plea, although the question is not free from difficulty. It is true as stated in *Bass* v. *Minich,* 194 Ark. 589, 109 S. W. 2d 139, and many other cases cited by appellant, that: "It goes without question that a judgment of a court of competent jurisdiction is conclusive of all questions within the issue, whether formally litigated or not. It extends not only to questions of fact and law, but also to grounds of recovery or defense which might have been, but were not, presented."

On the trial in the circuit court between appellants and Graham and Hall, wherein appellees were interveners, the issue was not whether appellants were indebted to appellees. That fact was conceded there as here. There the court instructed the jury, in instruction No. 5 as follows: "You are instructed that there is no issue here concerning whether the plaintiffs (appellants) were indebted to the interveners (appellees), the only issue being between those parties whether the interveners have a right to receive a part of whatever sum the plaintiffs might recover from the defendants, and you cannot find for the interveners in this case merely because you might find that the plaintiffs were actually indebted to the interveners." So, it will be seen that no issue was joined in that suit as to the indebted-

ness of appellants to appellees, and, therefore, appellees were not concluded by the judgment in that case. All that was determined in that suit was that appellees did not have a right to receive any part of any sum the appellants might recover against Graham and Hall. No objection was made to the above instruction and all parties seemed to concede the correctness of it. Therefore, even though the intervention filed by appellees in that case prayed a money judgment against appellants, the suit resolved itself into one whereby they sought to establish a lien in the nature of an equitable garnishment upon a fund that might be recovered in that litigation. In this suit, however, a wholly different situation is presented. Here, appellees sued appellants to recover admitted indebtedness and garnisheed a fund in court, belonging to the appellants.

We think the plea of *res adjudicata* was properly denied, and the judgment is accordingly affirmed.