FULLER *v.* FULLER

5-3778                                    400 S. W. 2d 283

Opinion delivered March 14, 1966

*Brockman & Brockman,* for appellant.

*Coleman, Gant, Ramsay & Cox,* for appellee.

OSRO COBB, Justice. This case involves a dispute as to title to certain lands in Lincoln County.

## The Pertinent Facts

On April 11, 1959, appellee, as owner of the 240 acres of land involved in this case, executed and delivered to Lee Owen a lease on same for the calendar years 1960 through 1964, at annual rental of $3,000, said rentals thereafter being assigned by appellee to Dr. R. E. Glasscock to secure a debt.

Appellee's lands were further encumbered by a mortgage executed in 1957 to Mutual Life Insurance Company of New York to secure a loan of $14,000, payable in annual installments of $700 each December.

Appellee and his wife listed said lands for sale with a real estate agency doing business as Ferguson and Company. On June 28, 1960, the agency produced a conditional purchaser and appellee and his wife, as sellers, and Ruth T. Teal, the purchaser so obtained, executed an Offer and Acceptance agreement as to the conveyance of said lands for a consideration of $35,000. The purchaser agreed to purchase only in the event that she could procure a loan of some $45,000 on some 1,500 acres of land (not detailed) in fifteen days from said date. The sale was never consummated. However, the stated consideration of $35,000 has some weight as to the value of the land at that time and as to the substantial equity appellee could have reasonably expected to realize had the sale been completed.

In 1960 the insurance company advised claimant that unless his $700 payment due on December 1, 1959, was paid by July 1, 1960, a foreclosure action would be instituted.

Appellant agreed to advance appellee the funds necessary to pay his 1959 and 1960 installments due the insurance company. On July 1, 1960, appellant advanced

appellee $1,500, which was paid over to the insurance company for credit against its mortgage. However, appellant required appellee and his wife to execute to him a note in the sum of $2,100, due March 1, 1961, with interest of 10%, and as security for the note appellant required that appellee and his wife execute to him their quitclaim deed as to subject lands.

On December 1, 1960, appellee was again unable to make the annual payment due the insurance company. On February 1, 1961, appellant made a check in the sum of $1,456.27 directly payable to the trustee for the insurance company for credit on its mortgage, and on the same day required appellee and his wife to sign an additional note to him in the principal sum of $1,650 with interest at 10% from date, the note reciting "secured by land 240 acres."

The parties were in complete agreement at the time the quitclaim deed and notes were executed and delivered that appellee was then undertaking to sell his lands for a sum of money substantially in excess of his outstanding obligations against the land. Both parties were also aware that the 240 acres of land was under lease to a third party.

In 1961, appellant made demand upon appellee to pay all of his debt to him by December 31, 1961, which appellee was unable to do. Thereafter, appellant insisted that appellee had forfeited all rights of redemption as to said lands. Appellant thereafter insisted that appellee pay a rental of $15 per month for use of a house on the land and payments were made by appellee for rent on the house at irregular intervals as late as March, 1963. Appellant never instituted any suit against appellee upon the notes and the quitclaim deed given as security.

Appellee on December 30, 1964, instituted this action to recover his lands.

Appellee and his wife testified that it was specifically understood and agreed between the parties that appellee would have until the expiration of his lease agreement with Owens, December 31, 1964, in which to redeem his lands from appellant. Appellant testified: "I told him to set his own time." Appellant further testified that he knew appellee was renting the land at the time of appellant's advances for the benefit of appellee, but did not know that it was under a specific lease for any particular period of time, and specifically denied having made any agreement as to redemption after March 1, 1961.

Appellant, for impeachment of appellee's testimony and other purposes, was permitted to introduce in evidence the entire record of the testimony of appellee in the Circuit Court case of B. R. Henry, d/b/a B. R. Henry & Company, and J. C. Ferguson, d/b/a J. C. Ferguson & Company, Plaintiffs, v. J. B. Fuller and Vesta Fuller, his wife, Defendants. In that case, the sole issue was as to commissions due and earned in connection with the finding of a buyer (Ruth T. Teal) ready, willing and able to purchase appellee's 240-acre tract for the sum of $35,000. The case was settled by a consent judgment which was entered on September 11, 1961, in the sum of $1,000 against appellee. Title to the land was not at issue.

After hearing the instant case the Chancellor, on June 17, 1965, entered a lengthy decree from which we extract pertinent findings and conclusions:

(a) That the quitclaim deed was executed as security for the debt evidenced by the two notes.

(b) That under the circumstances the quitclaim deed was a mortgage and not a transfer of title.

(c) That the notes executed by appellee and his wife were usurious in that the stated obligation of the two notes was for some $793.73 more than the moneys

actually advanced by appellant for appellee, in addition to stated interest of 10%.

(d) That appellant had a matured right to a foreclosure action against appellee but never exercised same.

(e) That appellee seasonably brought his action to recover his lands, e. g. within less than three years from the due date of said notes.

(f) That notwithstanding the usurious character of the notes and their invalidity, appellant was subrogated to the lien of the mortgage to the insurance company to the extent of the actual moneys advanced and credited upon the mortgage account with interest at 6%. Appellant had in fact paid off the entire mortgage executed to the insurance company.

(g) That rents paid by appellee to appellant in the sum of $551 were improper and appellee should receive credit for same on his debt.

(h) A detailed accounting between the parties was stated which resulted in a finding that appellee owed appellant a total of $20,242.25.

(i) In a separate order of July 27, 1965, the court noticed that appellee had paid into the registry of the court the full sum due appellant, thus cancelling and foreclosing any claims of appellant to said lands.

## APPELLANT URGES FOUR POINTS FOR REVERSAL

(1) That appellee had forfeited his right to redeem.

(2) That appellant's plea of res judicata should have been sustained.

(3) That the court erred in permitting appellee to

file additional pleading alleging usury as to the notes executed by appellee.

(4) That incompetent evidence was admitted.

*Point* 1.

It was undisputed between the parties that the quitclaim deed was given to secure the continuing debt of appellee as evidenced by his two notes. We have consistently held that a deed absolute on its face is in fact a mortgage under such circumstances. *Ehrlich* v. *Castleberry,* 227 Ark. 426, 299 S. W. 2d 38; *Hill* v. *Day,* 231 Ark. 550, 331 S. W. 2d 38; *Gunnels* v. *Machen,* 213 Ark. 800, 212 S. W. 2d 702; *Wimberly* v. *Scoggin, Receiver,* 128 Ark. 67, 193 S. W. 264; *Johnson* v. *Clark,* 5 Ark. 321.

Appellee's action to divest appellant of any title and claim to the land was seasonably instituted. Appellant asserted no claim of title adverse to appellee until after December 31, 1961. Appellee's suit was thus brought within less than three years thereafter, which is our statute of limitation on actions in contract not reduced to writing. Ark. Stat. Ann. § 37-206 (Repl. 1962). If in writing, it is five years. Ark. Stat. Ann. § 37-209 (Repl. 1962). Furthermore, Ark. Stat. Ann. § 37-101 (Repl. 1962) provides a seven-year limitation in bringing a suit in chancery to recover lands. See *Ringo* v. *Woodruff,* 43 Ark. 469. Appellee's action was thus not barred by any statute of limitation.

The testimony of the parties is in irreconcilable conflict as to their intentions as to the agreed time in which appellee could redeem his lands. There is no question about the existence of such an intention when the quitclaim deed was executed. Appellee and his wife testified the final date was December 31, 1964, when the Owen lease expired. Appellant testified it was March 1, 1961, and extended voluntarily by him to December 31, 1965. Appellee's testimony in the Circuit Court case, not involving title and wherein appellant was not a party,

was offered for purposes of impeaching appellee's testimony. This testimony was indeed contradictory in many respects to that given at this trial. There was no writing executed between the parties fixing or terminating the time of redemption and this was a fact question which the court resolved adversely to appellant. We cannot say that this holding was against the preponderance of the evidence in the case. *Brandenburg* v. *Brandenburg*, 234 Ark. 1117, 356 S. W. 2d 625; *Zachery* v. *Warmack*, 213 Ark. 808, 212 S. W. 2d 706. See also *Stebbins* v. *Clendenin*, 136 Ark. 391, 206 S. W. 681.

*Matthews* v. *Stevens*, 163 Ark. 157, 259 S. W. 736, relied upon by appellant, is inapplicable because the redemption was fixed in a written instrument and the equity interest of Matthews was nil, the amount paid by Stevens representing the full value of the land.

We find no merit in appellant's Point 1.

### Point 2.

Appellant relies upon the Circuit Court case involving a controversy as to commissions on the procuring of a purchaser ready, willing and able to purchase, etc., as being res judicata as to the issue of appellant's title to subject lands. Title to the lands was not at issue and appellant was not a party. Any action to reduce appellant's equitable mortgage to a judgment and as a step toward acquiring actual title to the lands was exclusively in equity. Since the controversy in the Circuit Court did not remotely touch the dispositive issue of this case in equity, we conclude that appellant's contentions as to Point 2 are without merit. *Bass* v. *Minich*, 194 Ark. 589, 109 S. W. 2d 139. See also *Restatement, Judgments* § 68, from which we quote:

"On the other hand, where the subsequent action is based upon a different cause of action from that upon which the prior action was based, the effect of the judgment is more limited. The judgment is

conclusive between the parties in such a case as to questions actually litigated and determined by the judgment. It is not conclusive as to questions which might have been but were not litigated in the original action. This is the doctrine of collateral estoppel.''

Since the Circuit Court case resulted in a Judgment by Confession, we also quote *Restatement, Judgments* § 68 (i):

''i. Judgments by Confession. Where no issues are litigated between the parties, but the defendant confesses judgment, the judgment is not binding on the parties in subsequent actions based on a different cause of action. This is true whether the defendant confessed judgment after the action was brought or gave a power of attorney to confess judgment before the action was brought.''

We find no merit in appellant's Point 2.

## Point 3.

When the court permitted appellee to amend his complaint to allege usury as to the two notes, he merely permitted appellee to allege what was already in evidence. Under the circumstances, the amendment was within the discretion of the court. Ark. Stat. Ann. § 27-1160 (Repl. 1962). See *Callahan* v. *Farm Equipment, Inc.*, 225 Ark. 547, 283 S. W. 2d 692; *Antrim* v. *McKelroy*, 229 Ark. 870, 319 S. W. 2d 209; *Jewel* v. *Shiloh Cemetery Ass'n*, 224 Ark. 324, 273 S. W. 2d 19; *St. Louis I. M. & S. Ry Co.* v. *Holmes*, 88 Ark. 181, 114 S. W. 221.

We conclude that appellant's Point 3 is without merit.

## Point 4.

Witness I. T. Alston testified for appellee. His direct examination appears on pp. 153-157 of the tran-

script. At no place in the record is there an objection interposed by appellant to any of his testimony. Thus appellant waived any objection thereto. *Sandusky* v. *Warren*, 177 Ark. 271, 6 S. W. 2d 15.

Having concluded that all of appellant's contentions on the appeal are without merit, the decree of the Chancery Court is affirmed.

Affirmed.