William J. CARLISLE and Eunice C. CARLISLE
*v.* LITTLE ROCK NEWSPAPERS, INC.

CA 80-134                                    603 S.W. 2d 439
Court of Appeals of Arkansas
Opinion delivered August 27, 1980

*Stuart Vess* and *Bob Dawson*, for appellants.

*Friday, Eldredge & Clark*, by: *William H. Sutton*, for appellee.

DAVID NEWBERN, Judge. The appellants are husband and wife. The husband was seated in his truck, which was stopped, when his truck was struck from the rear by a vehicle driven by the appellee's employee. The husband claimed injury to his back, which he had previously injured, and aggravation of a heart condition and sought damages of $1,-000 to his vehicle and $300,000 for personal injuries. The wife claimed loss of consortium and sought damages of $40,000. A jury awarded the husband $6,784.00 and the wife $250.00. The appellants seek a new trial as they contend these damages were inadequate. The appellants also seek reversal and a new trial on the ground that irrelevant and prejudicial questions were asked of the appellant husband. No objections were made by the appellants to the questions at the time they were asked. Because we cannot say the damages awarded were so grossly and demonstrably inadequate as to warrant a new trial, and because no objections were made to the allegedly irrelevant and prejudicial questions, we affirm.

### 1. *Inadequacy of damages.*

A factual question was presented by the medical testimony on both sides of this case of the extent, if any, to which the appellant husband's preeixsting heart problem was aggravated by the collision. The appellant husband was also shown to have had a previous, disabling injury to his back. There was a factual issue of the extent of injury to his back which was caused by the collision.

Unlike the case of *Dunbar* v. *Cowger*, 68 Ark. 444, 59 S.W. 951 (1900), cited by the appellants, the jury here awarded more than nominal damages. Nor are we presented with a case of an inadequate, precisely calculable award for injury to property, and thus the appellants' citation of *Law* v. *Collins*, 242 Ark. 83, 411 S.W. 2d 877 (1967), is also misguided.

Our supreme court has held it will not consider a question of inadequacy of damages of the kind claimed by these appellants unless a substantial and prejudicial error was committed in the case. *Wadsworth* v. *Gathright*, 231 Ark. 254, 330 S.W. 2d 94 (1959). This brings us to only allegation of error, *i.e.,* irrelevant and prejudicial cross examination.

## 2. *Irrelevant and prejudicial questions.*

It would serve no purpose to set forth the questions and answers of which the appellant complain. They argue that an appellate court may consider reversal despite lack of objection below to prejudicial questions. Their only citations are to two sections of a legal encyclopedia, one of which addresses failure to raise an objection to "sufficiency of the evidence," and the other addresses lack of objection to "improper argument." These citations are in no way persuasive on the issue presented here.

We see no reason for the appellants' failure to object below to the questions of which they complain on this appeal. We decline to consider objections of this nature raised for the first time on appeal. *Fuller* v. *Fuller*, 240 Ark. 475, 400 S.W. 2d 283 (1966); *Missouri Pac. Railroad Co., Thompson, Trustee* v. *Clements*, 225 Ark. 268, 281 S.W. 2d 936 (1955); *Sandidge* v. *Sandidge*, 212 Ark. 608, 206 S.W. 2d 755 (1947).

Affirmed.