SHIDE *v.* BURNS.

Opinion delivered February 25, 1924.

APPEAL AND ERROR—INCOMPETENT TESTIMONY—WAIVER OF OBJECTION.—
By failure to object to incompetent but relevant evidence, a party will be held to have waived objection, and a verdict based upon such evidence will be sustained on appeal.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. W. Bandy,* Judge; affirmed.

*G. W. Barham, T. J. Crowder,* for appellant.

Julius Shide was not in the employ of his father at the time of the injury, and was engaged upon business of his own, not authorized by his father, and the father could not be held liable therefor.   133 Ark. 327.

*Coston & Coston,* for appellee.

The statement of Miss Shide to Mrs. Burns was competent as a part of the *res gestae.*   108 S. W. 1055.   But, even if incompetent, it was not objected to, and a verdict based upon it would not be overturned on appeal.   12 Ark. 651; 7 S. W. 388.   Where there is any evidence to sustain a verdict, it becomes conclusive upon appeal. 143 S. W. 93; 232 S. W. 756.

HUMPHREYS, J.   Appellee instituted suit against appellant and his son, Julius Shide, in the circuit court of Mississippi County, Chickasawba District, to recover damages for a personal injury received through the alleged negligence of Julius Shide in operating his father's automobile while delivering goods for him.

Appellant filed an answer, denying that the injury resulted through the negligence of his son in operating his car, or that he was making a delivery for him when the injury occurred; also denying that appellees sustained damages in the amount claimed or in any other sum.

The cause was sent to the jury upon the issues joined, which resulted in a verdict and consequent judgment for $375, from which is this appeal.

Appellant concedes that the evidence is sufficient to support the finding that appellee was injured through the negligent operation of his car by his son, but contends for a reversal of the judgment upon the alleged ground that there is no substantial testimony in the record tending to show that his son was using the car to deliver goods for him when the injury occurred.

Julius Shide testified that he had driven the car to town for the purpose of getting some material to be used in constructing a radio set for himself; that the injury occurred when he was backing the car out of the

place where he had parked it. He was corroborated in this statement by appellant.

Appellee testified, without objection, that, immediately after the injury, Selma Shide, daughter and bookkeeper for appellant, came out of his place of business and told her that she was sorry the boy ran over her, but that she should realize that he was nothing but a child; that, at the time of the injury, he was in a hurry to deliver something for his father. While this testimony was hearsay, and perhaps inadmissible, no objection was made or exception saved to its introduction. By not objecting, appellant acquiesced in the admission of the testimony, and is in no position to claim that it was incompetent. It tended to prove the issue, and it was the duty of the jury to treat it as legitimate testimony for that purpose. *Maine* v. *Gordon*, 12 Ark. 651; *Frauenthal* v. *Bridgeman*, 50 Ark. 348. This relevant though incompetent testimony tended to show that the boy was serving his father at the time the injury occurred.

The judgment is therefore affirmed.