WISCONSIN & ARKANSAS LUMBER COMPANY *v.* HALL.

Opinion delivered February 22, 1926.

1. MASTER AND SERVANT—ASSUMED RISK AND CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In an action for personal injuries alleged to have been caused by the negligence of a fellow-servant, evidence *held* not to establish as a matter of law that plaintiff assumed risk of such negligence or that he himself was guilty of contributory negligence.

2. DAMAGES—INSTRUCTION.—It was not error to instruct the jury that if they find for the plaintiff the verdict "will be for such sum as will reasonably compensate him for the injuries sustained."

Appeal from Saline Circuit Court; *Thomas E. Toler,* Judge; affirmed.

*E. B. Kinsworthy* and *B. S. Kinsworthy,* for appellants.

*H. B. Means* and *W. R. Donham,* for appellee.

HUMPHREYS, J.   Appellee instituted suit in the circuit court of Saline County against appellant to recover damages in the sum of $3,000 for an injury received while engaged in off-bearing lumber from a cut-off saw in one of appellant's mills near Malvern. It was alleged that appellee received an injury in the abdomen, causing tumors to form, from which he suffered constant pain, and which disabled him from performing labor of any kind, through the negligence of a co-employee, who ran a hand-truck loaded with lumber into a hand-truck also loaded with lumber which appellee was pulling back into the runway, in which collision said appellee was crushed between the trucks.

Appellant filed an answer denying the material allegations in the complaint and, by way of separate defense, pleaded contributory negligence and assumption of risks on the part of appellee. The cause was submitted to a jury upon the pleadings, testimony introduced by the parties, and the instructions of the court, which resulted in a verdict and consequent judgment for $3,000 in favor of appellee, from which is this appeal.

The cause was sent to the jury under correct instructions upon the issues of negligence on the part of appellant and contributory negligence on the part of appellee, which resulted in a finding binding upon appellant if supported by any substantial evidence that appellant was negligent, and that appellee was not, but appellant contends for a reversal of the judgment for the alleged reason that the undisputed testimony reveals that appellee was injured by his own and not through its negligence. We cannot agree with the interpretation placed on the testimony by learned attorneys for appellant. There is substantial testimony in the record tending to

show that the injury resulted on account of the negligent handling of a hand-truck loaded with lumber by J. Ransom, an employee of appellant. There is a long room in appellant's mill, one side of which is utilized for cut-off saws and machines, and the other side for a runway three hundred feet long by fifty feet wide in which to push two wheel hand-trucks loaded with lumber. Trucks loaded with lumber stand next to the runway ready for use as the sawyers need the lumber thereon. When lumber is needed, the sawyer crosses the runway and pulls a loaded truck out of the row into the runway and rolls it to his machine. Appellee was injured while pulling one of these loaded trucks out into the runway preparatory to rolling it to the cut-off saw he was operating. Appellee testified that, as he was pulling the truck backward out of the row in the usual and ordinary way, and just as he had gotten it out ten or twelve feet and was turning around to roll or push it, Ransom ran the truck he was pushing in the runway into the truck he (appellee) was handling, thereby crushing him between the trucks; that when he started to pull the truck out, he looked up and down the runway and observed no other truck approaching; that trucks run both ways up and down the runway; that he did not keep a constant lookout for the reason that it was necessary for him to use his eyes in getting his truck out of the row into the runway so he could push it to the machine he was operating; that he had his back toward Ransom and was pulling the truck out rapidly, as he was compelled to do in order to keep it moving, and that Ransom was facing him; that Ransom could have seen him and avoided the collision by turning to one side and running around him; that there was ample room in the runway to run around him; that if he (appellee) had kept looking over his shoulder constantly in the direction of Ransom's truck, he could have seen Ransom approaching and avoided the collision, but that he could not do this, as his work in backing out required his attention.

Appellant was corroborated in this statement by O. Z. Keeton, who was working with him at the time.

The statement of the testimony of appellee and Keeton, detailed above, is the most favorable construction which can be placed upon their testimony, and, when viewed in that light, is sufficient to sustain the verdict and judgment. The testimony of an appellee must be viewed in the most favorable light to him when a judgment in his favor is sought to be reversed in this court on account of the insufficiency of the evidence. The effect of their testimony, when given its greatest probative force, shows that the injury was caused by a collision resulting from the negligence of a co-employee (Ransom) at a time when appellee, in exercise of ordinary care for his own safety, was engaged in the performance of his duties in substantial compliance with instructions. It is true that G. C. Speer, appellant's foreman, testified that when appellee went to work for appellant, he told him to watch out and keep watching when he was pulling his truck out, but he admitted that in pulling the truck out it was necessary to back out the full length of the truck before he could turn around and push it. The lumber piled on the truck in question was sixteen feet long. Just what was meant by this instruction became a disputed question of fact by the jury when construed in connection with the testimony of appellee and Keeton that appellee was performing his duties in the usual and ordinary way and the testimony of appellee to the effect that it was necessary for him to look to the front in order to get the truck out of the row. The jury may have inferred from the whole testimony bearing upon this point that the instruction meant for appellee to ascertain whether the runway was clear before backing out with the truck. It would hardly be reasonable to expect one to keep a constant lookout for other trucks when engaged in work that required his attention in the opposite direction. Likewise, it would hardly be expected that appellee would look one way constantly when trucks ran both ways up and down the runway. In addition to arguing that appellee was injured while disobeying

instructions and for that reason not entitled to recover damages in the law, appellant also argues that Ransom had the right-of-way over appellee in the runway, and for that reason was not entitled to recover damages for the injury. Of course, this would be true if the undisputed evidence showed that to be a fact. One of appellant's own witnesses, L. H. Lee, testified that it was customary for the men using the runway to run on any part of it they wished.

Since the undisputed evidence does not show that appellee was injured on account of his own negligence or while disobeying instructions, or while attempting to take the right-of-way belonging to another employee, it cannot be said that the verdict is contrary to the evidence.

Appellant also contends for a reversal of the judgment because the trial court instructed the jury as follows upon the measure of damages:

"You are instructed that, if you find for the plaintiff, your verdict will be for such sum as will reasonably compensate him for the injuries sustained."

The objection made to the instruction is that it did not limit the verdict to the evidence. This was necessarily implied, for there was nothing else in the case to guide the jury except the evidence. The instruction is not similar to the one given in the case of *St. L. I. M. & S. R. Co.* v. *Steed,* 105 Ark. 205, cited by appellant in support of its contention in this respect. The instruction in that case permitted the jury to return damages in such sum as in their judgment would compensate the injured party. The error in that instruction was in limiting the amount by the opinion or judgment of the jury instead of by the evidence.

No error appearing, the judgment is affirmed.