NEWELL CONTRACTING COMPANY *v.* LINDAHL.

Opinion delivered March 10, 1930.

*McMillan & McMillan*, for appellants.

*John L. McClellan*, for appellee.

SMITH, J. Appellee, plaintiff below, brought this suit to recover damages to his automobile resulting from a collision with a truck driven by L. D. Corn. The complaint alleged that the defendants, Newell Contracting Company and Henry Allison, had employed Floyd Glover to use his and other trucks in hauling and placing gravel on a public highway which was being improved under a contract with the State Highway Department, and that Glover employed Corn to drive and use his truck for the same purpose.

In the separate answer of the Newell Contracting Company and Allison, they alleged that "It is true that these defendants had a contract with the State Highway Department of the State of Arkansas for surfacing with gravel a certain part of State Highway No. 67 between Malvern and Donaldson, in Hot Spring County, Arkansas," and it was on this road the collision occurred. They then adopted the answer of Glover and Corn, denying that the injury had been occasioned by Corn's negligence, and alleging that appellee had been guilty of contributory negligence.

There is a controversy, which, for the reason hereinafter stated, we do not review, in regard to the opening statement to the jury of counsel for the defendants. It is insisted on the one hand and denied on the other that counsel then stated that the Newell Contracting Company had a contract with the Highway Department to do this work, and had sub-let a portion of it to Allison, who was doing the work as an independent contractor, and when testimony was offered to this effect the court refused to admit it upon the ground that the pleadings raised no such issue. A request was then made for permission to amend the answer to set up this defense, and an exception was saved to the action of the court in refusing to grant it. Under the circumstances we are unable to say that the court abused its discretion in this respect. *Butler* v.

*Butler,* 176 Ark. 126, 2 S. W. (2d) 63; *Old American Ins. Co.* v. *Deloney,* 178 Ark. 1194, 13 S. W. (2d) 825; *Hughes, etc., Co.* v. *McWilliams, etc., Co.,* 172 Ark. 79, 287 S. W. 580. But, as the case is to be remanded for another reason, we think this permission should be granted upon the remand, if an offer to amend is made in apt time.

It is very earnestly insisted that the undisputed testimony shows that plaintiff's own negligence caused or contributed to the collision, and that there can be no recovery for this reason. The testimony on the part of the defendants tends to establish this defense, but the conflict in the testimony which usually appears in cases of this character is present here. The testimony on the part of the plaintiff is to the effect that he was driving along a public road which had been graded and was being surfaced with gravel, and was being used by the public as the work progressed. That, as he met some wagons loaded with gravel and was passing them, going in the opposite direction, a truck driven by Corn drove rapidly between his car and the wagons, in the same direction the wagons were moving, and in a cloud of dust which had arisen the vision of all the drivers was obstructed, and a violent collision occurred, and plaintiff's car was wrecked. Judgment was rendered in plaintiff's favor for the damage to his car, from which is this appeal.

The cause of action was defended by the Newell Contracting Company upon the ground that Allison was an independent contractor; and by Allison upon the ground that Glover was also an independent contractor, and that they had no control over Glover or his employee as to the manner in which they should haul the gravel, and that the engineer of the Highway Department gave directions as to spreading it, and that the collision occurred while gravel was being hauled, and not in spreading it, but that they were without authority to direct the manner in which it was hauled or spread.

The recent case of *Ellis & Lewis* v. *Warner,* 180 Ark. 20 S. W. (2d) 320, arose out of facts sufficiently similar

to those of the instant case to be controlling as to the law upon the question whether Allison and Glover were independent contractors, and we adhere to the statement of the law there appearing, and we do not again review the authorities upon this question, as it was there fully considered. The testimony in the instant case was sufficient to present the issue for the decision of the jury whether Allison and Glover were independent contractors, and the instructions on this issue appear to conform substantially to the law as announced in the Ellis case, *supra*.

We would therefore be constrained to affirm the judgment of the court below except for the error appearing in instructions numbered 2 and 4, given at the request of the plaintiff and over the objections of all the defendants. Instruction numbered 4 reads as follows: "You are instructed that it is the law of the road that drivers in meeting each other shall bear and keep to the right in passing, and, if you find from a preponderance of the evidence in this case that the defendant, L. D. Corn, negligently and carelessly failed to bear or keep to the right when attempting to pass the plaintiff, and on account of his negligence and carelessness in so failing to keep to the right, as aforesaid, a collision resulted between the car of plaintiff and the truck driven by said defendant, and the plaintiff's car was damaged as a result of said collision, then it will be your duty and you are instructed to find for the plaintiff." Instruction numbered 2 is of similar purport.

These instructions undertook to tell the jury the conditions under which a verdict should be returned for the plaintiff, and they should therefore have been each complete in itself. *Temple Cotton Oil Co.* v. *Skinner,* 176 Ark. 17, 2 S. W. (2d) 676.

These instructions told the jury under what conditions they might find the defendant Corn guilty of negligence, and then, if the collision occurred on account of this negligence, to find for the plaintiff. It was, of course,

necessary for the jury to find that Corn was negligent before returning a verdict for the plaintiff, but this showing alone was not sufficient to support a verdict even against Corn. It was essential also that it be found that plaintiff's negligence did not contribute to the damage to his car, and the instructions did not impose this requirement. That the instructions in this respect were erroneous is elementary law and requires no citation of authority.

For this error the judgment must be reversed, and the cause remanded for a new trial, and it is so ordered.