McMAHON *v.* McNABB.

4-2810

Opinion delivered January 23, 1933.

832

*Hardin & Barton* and *Reynolds & Maze*, for appellant.

*Patterson & Patterson* and *Starbird & Starbird*, for appellee.

KIRBY, J., (after stating the facts). It is insisted that the court erred in the giving of certain instructions requested for the plaintiff Nos. 1, 2, 3, 4 and 5, it being contended that said instructions were erroneous in directing the jury to find in appellee's favor, if they found the facts as stated therein, without consideration at all or mention of the appellant's alleged defense of contributory negligence.

In instruction No. 4 the jury were told that, if they found the defendant was negligent or that his negligence was the proximate cause of plaintiff's injuries, "then it is your duty to return a verdict for the plaintiff." Objection was made specially to this instruction for the reason that it directed a verdict for the plaintiff without taking into consideration any issue of defense. There was a plea of contributory negligence, and the testimony was in conflict thereon. The court should not therefore have instructed the jury that they might find for the

plaintiff, and that it was their duty to do so without consideration of such issue, and erred in so doing. *Herring v. Bolinger,* 181 Ark. 925, 29 S. W. (2d) 676; *Newell Cons. Co. v. Lindahl,* 181 Ark. 272, 25 S. W. (2d) 1052; *Temple Cotton Oil Co. v. Skinner,* 176 Ark. 17, 2 S. W. (2d) 676; *Garrison Co. v. Lawson,* 171 Ark. 1122, 287 S. W. 396; *Wisconsin-Arkansas Lbr. Co. v. Hall,* 170 Ark. 576, 280 S. W. 363; *National Gas & Fuel Co. v. Lyle,* 174 Ark. 146, 294 S. W. 395. This instruction also uses the words "safe transportation," when under the law the driver of an automobile is only bound to the use of ordinary care in the transportation of the passengers in his car and is not bound as an insurer for the safety of persons riding therein whether by sufferance or invitation.

Instruction No. 9 is objected to as assuming that defendant was negligent and allows the jury to find against the defendant even if the taxicab driver was negligent, etc., omitting entirely the issue whether the plaintiff himself was guilty of contributory negligence.

It was insisted in the oral argument that the specific objections to the instructions had not been properly made and should not be allowed for the reason that they were permitted to be written out by the trial court after the instructions were read to the jury, thereby depriving plaintiff of any knowledge of such objections before the conclusion of the trial and preventing him from consenting to or meeting such objections if he cared to do so and thus avoiding the errors, if any. The objections were permitted to be made however by the court, doubtless because he thought the instructions were not subject to the objections and that they were entitled to be given without regard to said specific objections. It is not complained that the objections were not made general or specific, as shown in the bill of exceptions, but only of the practice in permitting them to be made after the case had gone to the jury, which the bill of exceptions does not show was done.

Because of the errors already pointed out, it is not necessary to pass upon the question of the excessiveness of the verdict for damages, nor upon the admissibility of the testimony of certain witnesses as experts about nervous disorders, who did not claim to be qualified as experts to give opinions thereon, as these things will not likely occur upon the new trial.

For the errors designated the judgment is reversed, and the cause remanded for a new trial.