**GANT v. WASHINGTON.**

No. 9877.

Court of Civil Appeals of Texas. Galveston.

July 7, 1933.

Rehearing Denied Sept. 20, 1933.

Harold M. Oster and J. L. Darrouzet, both of Galveston, for appellant.

Geo. Coltzer and Randolph Pierson, both of Galveston, for appellee.

GRAVES, Justice.

The suit was in trespass to try title to property commonly known as 2909 Avenue M in the city of Galveston, brought by Louise Washington, appellee, against I. Gant and his wife, Jane Gant, the present appellant, under averments to the effect that the appellee had deeded the land to appellants by an instrument in the form of a duly executed warranty deed reciting a consideration of $275, which in fact had been intended at the time by all parties to it to be merely a mortgage as security for debt, and that the real consideration for its execution and delivery had been the undertaking of appellants to pay taxes and make repairs upon the property up to the amount stated, and then return and reconvey it to the appellee, they in the meantime to occupy a part of it at an agreed rental to her of $8.50 per month as credits upon the $275 indebtedness until in that manner it was retired.

The appellant, Jane Gant, who answered as "survivor in community of I. Gant, deceased," replied by demurrer and denial, both general, certain special exceptions, and cross-action for the amount of specified improvements alleged to have been made by her in good faith, which she claimed she would be entitled to in event the instrument were decreed to be a mortgage.

The court submitted the cause to a jury upon special issues, which, together with the jury's answers, were as follows:

"Special Issue No. 1. Do you find from the evidence that the instrument in controversy was a deed or a mortgage? Answer: Mortgage.

"Special Issue No. 2. Was there any agreement between the parties in this cause for the payment of any monthly rental at the time of the execution of the instrument in evidence? Answer: Yes.

"Special Issue No. 3. What was that monthly rental? Answer: $8.50 per month.

"Special Issue No. 4. Do you find from the evidence that the defendants made, at their expense, improvements on the property in controversy? Answer: Yes.

"If you have answered Special Issue No. 4 in the affirmative, but not otherwise, then you will answer Issue No. 5.

"Special Issue No. 5. What value do you place on said improvements? Answer: $156.50."

On this verdict and the evidence, inclusive of certain recited agreements of the parties, the court rendered judgment decreeing the instrument so alleged and found to have been executed by Louise Washington to have been a mortgage, and ordered the premises to be redelivered to her, and further as follows: "And it being agreed by and between the parties that the monthly rental at $8.50 per month for the period of time during which the defendants occupied the premises, is offset by the amount expended by the defendants for taxes and repairs. It is, therefore, on this 20th day of April, 1932, ordered, adjudged and decreed by the court that neither the plaintiff nor the defendant recover or have any judgment against the other by reason of their respective claims regarding the taxes, repairs, and rent."

From the judgment so rendered, this appeal regularly proceeds by Jane Gant as such community survivor.

Among other complaints presented here, it is urged that there was no evidence supporting the jury's finding that the instrument was intended to be a mortgage; but this court, after an examination of the statement of facts, is unable to sustain that contention, concluding rather that the evidence was sufficient, taking into consideration the various circumstances appearing, not only to make a fact issue out of that question for the jury, but also to sustain the verdict returned upon it. The appellee was an old illiterate negro woman, untutored and inexperienced in such matters, and was found upon the trial to be utterly incapable of consistently testifying to even an average appreciation of the difference between a deed and a mortgage in their legal signification, but nevertheless she succeeded in making it reasonably plain that she had both intended and understood the arrangement to be that Gant and wife were to accept the instrument she executed in their favor only as security for such taxes and other expenditures as they paid for her, and that in return they were to be permitted to occupy the premises along with her (which they did continuously from the date of the instrument to the time of this trial) at an agreed rental of $8.50 per month, and that, whenever the payments made for her had thus been returned to them in the agreed rentals, the property would be restored to her. Circumstances tending to corroborate her in this were not lacking, such as the fact that she herself also continued in possession of and residing upon the premises; that she paid her own insurance thereon for several years after executing the conveyance; that the property was actually worth at the date of the conveyance some $2,500, instead of the small sum of $275, which was the recited consideration, and the fact that I. Gant, while making some of the repairs involved

on the property, had expressly disclaimed owning it, saying it belonged to the appellee.

No further detailing of the evidence is deemed necessary.

■ In view of the recited agreement in the judgment that the aggregate amount of the rentals for the time the appellant occupied the premises offset the amount expended by her for taxes and repairs, and the further fact that the record nowhere discloses either when the appellee first declared upon such rents as an offset to the $275 indebtedness, or that such declaration presented any new matter at all, obviously appellant's special exception to the cause of action upon these rentals as being barred by limitation was properly overruled.

■ Neither is there any merit in the fifth assignment running as follows: "The court erred in overruling defendants' motion to set aside the verdict and make necessary parties join in said suit for the purpose of securing a final judgment."

This is based upon the statement that the suggestion of the death of I. Gant, one of the original defendants, having been made, the court should have required plaintiff to make Beulah Huff, his daughter, "a party defendant for the purpose of securing a final judgment in this cause"; but the appellant herself, as heretofore stated, answered the amended trial petition of the plaintiff herein in her capacity as survivor in community of herself and I. Gant, and the cause was tried upon that basis, she having herself at no time during the trial made any objection as to parties, by plea in abatement or otherwise, and the original suggestion of the death of I. Gant before the filing of her answer as survivor in community having been made by her adversary; her suggesting this claim of a want of proper parties for the first time in the motion for new trial availed her nothing.

■ The presentment that the court erred in not sustaining appellant's special exception to the appellee's petition on the ground that it failed to state whether or not the alleged agreement on the part of I. Gant to reconvey the property was verbal or in writing is also overruled. While the petition is somewhat confusing and ineptly drawn, it is thought that it cannot be fairly construed to mean that appellee declared upon a promise to reconvey the property as in a separate or independent cause of action, rather were the averments in that respect conducive to and a part of the ultimate declaration that the transaction in final sum had been a mortgage only to secure the payment of the taxes and repairs, with the added provision that the property was to be returned and reconveyed when the rents had offset the amounts so paid for the appellee. Thus construed, it was immaterial whether that particular feature of the agreement was in writing or simply made orally.

■■ Appellant requested a submission of an issue to the jury inquiring whether or not the appellee had estopped herself from setting up that the instrument declared upon was a mortgage, by reason of other alleged acts and silence on her part in permitting appellant to continue paying taxes and insurance and making repairs on the property after the date of the purported deed and in not asserting her own claim to being still the owner of the property between that time and the date of the filing of this suit; but, under the evidence appearing, it would seem that no such issue of estoppel was raised; hence the trial court was justified in refusing to submit it. The undisputed evidence shows that the appellee continued to occupy the property along with appellant from the date of the apparent deed down to the time of this trial, and was then still doing so, without a showing otherwise that such possession had not been accompanied by a continuous claim of ownership; furthermore, as before recited, that she herself paid all the insurance upon the property that was paid at all. There seems to have been no evidence that she knew appellant was claiming the title to this property under the instrument until 1924, whereupon she immediately filed this proceeding to have it declared to be a mortgage; neither was there any evidence to show that she ever did any acts as reasonably misled appellant into believing that she did not at all times consider herself to be still the owner of, and in possession of, the place as her home.

There are further assignments, but it is deemed unnecessary to discuss them in detail, since the conclusions already stated dispose of them adversely to appellant.

Under the conclusion that the verdict has not been shown to be contrary to the evidence, and that, upon the cause as a whole, the learned trial judge appears to have properly applied the law to the facts shown, the judgment will be affirmed.

Affirmed.