CONSOLIDATED INDEMNITY & INSURANCE COMPANY *v.* DEAN.

4-3347

Opinion delivered February 12, 1934.

Reinberger & Reinberger, R. M. Priddy and Arnold Fink, for appellant.

Robert Bailey and Hays & Smallwood, for appellee.

MEHAFFY, J. This suit was begun in the Pope Circuit Court against the appellant to recover $2,999. The complaint alleged that Mrs. Effie Dean is the duly appointed, qualified and acting administratrix in succession of the estate of W. L. Dean, deceased; that Smith & Sandusky is a partnership composed of Thurman Smith and Lonnie Sandusky; that the appellants, Consolidated Indemnity Insurance Company, is a foreign corporation authorized to do a general insurance business in the State of Arkansas; that on April 14, 1931, W. D. Eakes, administrator of the estate of W. L. Dean, recovered judgment in the Pope Circuit Court against Smith & Sandusky in the sum of $25,000 and costs; a copy of said judgment was attached to, and made part of, the complaint; W. D. Eakes died in May, 1932, and Mrs. Effie Dean was appointed administratrix in succession, and the judgment was revived in her name; that on February 24, 1931, Smith & Sandusky applied for and secured liability insurance with the appellant through its agents, Matthews Investment Company; that the premium was paid and accepted by the agents of appellant, who immediately gave coverage to Smith & Sandusky; that the injury occurred after the contract of insurance was entered into, and while it was in full force and effect. It was alleged that the coverage was $2,999; that, under the laws of Arkansas, appellee is entitled to be subrogated to the rights of Smith & Sandusky in the contract of insurance, and en-

titled to bring this action, and prayed judgment in the sum of $2,999.

The appellants filed answer, denying all the material allegations in the complaint, and further answered, stating that Smith & Sandusky made application to Matthews Investment Company for a policy of insurance covering any injury that might occur to an employee of said Smith & Sandusky at their mill at Dover, Arkansas, but that said application was made after Dean was injured on February 24, 1931. The answer alleged that Dean was injured a little after one o'clock, and it was after two o'clock when application was made to Matthews Investment Company for insurance, and was after Dean had been injured; that, by reason of such fact, no policy could be issued, either by its agent or itself, that would cover an accident that happened prior to the application. The appellants further alleged that said Matthews Investment Company was not authorized to issue policies of insurance, and their only authority was in accepting applications, which were to be submitted to the general agents for the issuance of a policy, and that, if said application was accepted, there has never been any policy issued on the same, and there was no policy in force and effect at the time Dean was injured; that there was no contract in force at the time of the injury.

The evidence showed that W. D. Eakes, administrator of the estate of W. L. Dean, recovered judgment against Smith & Sandusky in the sum of $17,500 for the administrator, and $7,500 for Mrs. Dean for her own use and benefit; that execution was issued and returned *nulla bona.*

There was a trial and judgment for appellee in the sum of $2,999, and this appeal is prosecuted to reverse said judgment.

The appellants earnestly insist that the judgment should be reversed, first, because the Matthews Investment Company was a mere soliciting agent with no authority either to issue policies or make any contract of insurance upon the payment of premium; second, that Dean was injured before application for insurance was

made by Smith & Sandusky. If appellants are correct in either of these contentions, the case should be reversed. Both questions, however, are questions of fact, and are to be determined from the evidence.

The burden of proof was upon appellee to show by the evidence that the Matthews company had authority to put the insurance in effect immediately, and the burden of proof was also upon appellee to show that this took place before the injury to Dean. The appellee introduced a certificate from the Insurance Commissioner of the State of Arkansas, which certified that A. J. Matthews and W. H. Norwood were licensed agents of the Consolidated Indemnity Insurance Company of New York for the insurance year from March 1, 1930, to March 1, 1931.

Mr. Norwood testified that it was his understanding that they had authority to receive applications and issue binders; that Smith, when he made application for the insurance, gave him a check for $100, which was the amount of premium charged, and witness told Smith at the time that the insurance went into effect as soon as the premium was paid, and that Smith then paid him the $100; that he, witness, had charge of the insurance business, and continued to have charge of it. Witness further testified that it was his understanding, through the field agent, that they could bind the risk that way. The field agent is a man who travels around for the general agents, E. B. & F. R. Bloom, of Pine Bluff, as their representative, and he came about every two or three weeks. When a policy is issued, it dates back to the time when the application was made; it dates from the application.

A. J. Matthews, a member of the firm of Matthews Investment Company, testified that it was his understanding that Matthews company had general authority to bind or to make the policy effective immediately.

J. G. Williams also testified that Matthews Investment Company had authority to put the insurance in effect immediately. He also testified that this authority was never disputed by anybody so far as he knew; that they had authority to bind until the policy was written.

Smith was told that the insurance was in effect immediately when he paid the premium.

This evidence was introduced without objection, and is not denied by any witness. Neither the field agent nor the general agents testified in the case. It therefore appears that there was substantial evidence from which the jury might have found that the Matthews Investment Company had authority to make the insurance effective immediately upon the payment of the premium.

It is contended, however, that Dean was injured before the application was made by Smith for the insurance. The testimony on this question is in conflict. Thurman Smith testified that he went to the insurance company's office about 11 or 11:30 in the morning; that in the office he met Mr. Norwood and another man whom he did not know. The insurance agents told witness the insurance would go into effect immediately, and he gave them a check for $100 in payment of premium. After he left the insurance office, he went to lunch, and after lunch went back to Burkles' Buick Company, where he had left his car, and when he got back it was about 1:30 or 1:40. They quit work at the mill at 12 o'clock and went back at 1 o'clock. According to Smith's testimony, it could not have been later than about 1 o'clock when he was at the insurance company's office, and paid the premium.

B. R. Dean testified that he was the son of the man that was killed, and that the accident occurred around two o'clock. Arley Skelton also testified that it was about two o'clock. He also testified that they were paid that day up until 2:30. This would indicate that the injury occurred about 2:30. George Carter testified that Dean was injured 15 or 20 minutes after 2 o'clock.

There was some other evidence in conflict with the above, but the jury found that the insurance was in effect before the injury. It is the province of the jury to pass upon the credibility of witnesses and the weight to be given to their testimony, and it cannot be said that there was no substantial evidence from which the jury could find that the insurance took effect prior to the injury.

This court has many times held that it is the province of the jury to reconcile conflicts which exist in the testi-

mony, and, if there is sufficient evidence to submit a question to the jury, its finding is conclusive, although we might believe that its finding was against the preponderance of the evidence. *Dixie Bauxite Co.* v. *Webb,* 187 Ark. 1024, 63 S. W. (2d) 734; *Gibson Oil Co.* v. *Bush,* 175 Ark. 944, 1 S. W. (2d) 88; *International Harvester Co. of America* v. *Hawkins,* 180 Ark. 1056, 24 S. W. (2d) 340; *Chapman & Dewey Lbr. Co.* v. *Bryan,* 183 Ark. 119, 35 S. W. (2d) 80.

The evidence in this case is not very strong on either proposition, but even heresay evidence, admitted without objection, should be considered and given its natural probative effect subject to any infirmative suggestion due to its inherent weakness, and may establish a material fact in issue, and sustain a verdict or judgment. *Mo. Pac. Rd. Co.* v. *Harding, ante* p. 221; 64 C. J. 230.

Appellants contend that the court erred in refusing to give its instruction No. 5 as requested, and erred in modifying the same. No. 5, as requested, in effect told the jury that, if they believed from the evidence that the Matthews Investment Company were local agents, and as such were to receive applications for policies of insurance, and did not have authority to issue policies, but only to take applications and transmit them to the general agents, then there was no contract, and the jury were told that they should find for the defendant. The court modified the instruction by adding the following: ''Unless you find that the insurance company had expressly authorized the Matthews Investment Company to bind the insurance company in advance of the issuance of the policy.''

The court did not err in adding this to the instruction, because there was evidence to the effect that the agents were given this authority, and this evidence was submitted to the jury for its determination, and, if it believed that authority had been given as claimed by the appellee, it had a right to so find, and modifying said instruction was not prejudicial.

The important questions in this case are questions of fact, and there is substantial evidence to sustain the verdict, and this court has no authority to disturb it.

The judgment is affirmed.