THE AMERICAN WORKMEN *v.* LEDDEN.

4-5164                                   120 S. W. 2d 346.

Opinion delivered October 17, 1938.

*Danaher & Danaher,* for appellant.
*Rowell, Rowell & Dickey,* for appellee.

DONHAM, J.  Suit was filed in the Jefferson circuit court October 1, 1937, by appellee, John Ledden, to recover on an insurance policy issued by appellant on June 9, 1936, on the life of Ledden's son, Everett Ledden, who died June 14, 1937.  All premiums had been duly paid and proof of death made.  Appellant defended on the sole ground that insured had made false representations in his application as to his physical condition at and prior to the time the application was made.  Evidence was introduced by both parties at the close of which appellee objected to the evidence introduced by appellant on the ground that it was hearsay and requested a directed verdict.  The court sustained this request for a directed verdict and directed the jury to return a verdict for appellee, which was done, in the sum of $650, with interest at the rate of 6 per cent. per annum from September 12, 1937, until paid.  From this judgment comes this appeal by appellant.

There is but one question to be determined upon this appeal, that being a question of law.  As stated, appellant defended the action by pleading that the insured had made false statements in his application.  He stated in his application that he had never suffered from rheumatism or any other disease.  At the trial appellee testified in his own behalf that he was the father of the insured and that the insured had never been sick and had never had rheumatism within his knowledge.  In opposition to this testimony, the appellant introduced the deposition of one Rudolph T. Harrell, secretary of the appellant, which had been taken upon written interrogatories.  Upon cross-examination, appellee's attor-

ney asked the witness to attach to his deposition copy of any statement he had received from any person showing that the insured was not in good health at the time the policy was issued. In response to this request, the witness attached copies of four separate statements signed by the parties making them to the effect that the insured at and before the time of making the application for insurance suffered from rheumatism to the extent that it interfered with him in his work and that he had gone to Hot Springs in the fall of 1935 and had there taken treatment because of his illness. There was contained in one of the statements a statement to the effect that insured was partially paralyzed and dragged one leg and that he finally became helpless. All of these statements were read in full to the jury without objection at the time on the part of appellee. At the close of the testimony and after both parties had rested, at the request of appellee, the court instructed the jury as follows: ''The only attempt made to prove the false representations, was done by four statements made by some persons which were attached to the deposition of the secretary of the insurance company at the request of Senator Rowell to attach whatever information he might have about that. You will recall that no witness has taken the stand and testified to you that there was anything at all the matter with the dead boy. The court is of the opinion that these statements are not evidence in a legal sense of the word at all, and that that being true there is no evidence which would justify you in holding that the policy was void.''

As stated by the court, there was no evidence at all, aside from these unsworn statements, that the insured had been ill prior to the time of making the application for insurance or that he was ill at the time. The court held that these unsigned statements were not evidence which the jury should be permitted to consider. This holding evidently was due to the fact that the statements constituted mere hearsay and were, therefore, inadmissible.

It is true that these statements were attached to the deposition of the secretary of the appellant at the instance of counsel for appellee; and a number of cases may be found to the effect that where the jury is permitted to consider such unsworn statements, even though mere hearsay, the jury must regard the statements as legitimate evidence and if a verdict is returned based upon such hearsay testimony, it will not be set aside at the instance of the party at whose instance the hearsay testimony was introduced or at the instance of a party failing to object to its introduction. Such has been our own decisions. *Main* v. *Gordon,* 12 Ark. 651; *Frauenthal* v. *Bridgeman,* 50 Ark. 348, 7 S. W. 388; *Shide* v. *Burns,* 163 Ark. 27, 259 S. W. 372; *Missouri Pacific Railroad Company* v. *Harding,* 188 Ark. 221, 65 S. W. 2d 20; *Consolidated Indemnity & Insurance Co.* v. *Dean,* 188 Ark. 835, 68 S. W. 2d 460.

If, without objection on the part of appellee, the court had permitted the jury to consider this hearsay evidence and if a verdict had been returned for appellant, appellee would not have been permitted to question the verdict on the ground that the jury had been improperly permitted to consider hearsay evidence and base its verdict upon it. But the case did not go to the jury. Upon a motion for a directed verdict by appellee the court refused to submit the case to the jury on the ground that the hearsay evidence in question was inadmissible, holding that the statements attached to the deposition were not evidence in a legal sense which it would be proper for the jury to consider: The question here is, did the court commit error in so holding? We do not think the court's holding constituted error. The court was not compelled to submit hearsay evidence to the jury simply because there was no objection to it by the party against whom it was offered. Nor was it bound to submit such evidence to the jury because it was brought out by the party seeking to have it excluded after both parties had rested. The court of its own volition had a right to exclude incompetent and inadmissible testimony at any time before the case was sub-

mitted to the jury. If in the instant case upon the ruling of the trial court holding that the evidence was hearsay and, therefore, incompetent and inadmissible, appellant had asked that the case be withdrawn from the jury and continued so as to permit him to procure witnesses to prove that the insured was suffering from rheumatism at and prior to the time of his application to appellant for insurance, it probably would have been proper for the court to have granted the request. But no such request was made.

Some discretion must be allowed to the trial court as to the latitude of evidence. In 64 C. J., § 221, p. 214, under the heading, ''Discretion of Court,'' the following rule is announced: ''Whether a motion to strike out evidence admitted without objection shall be granted or refused generally rests in the sound discretion of the court . . . the court may, in the exercise of its discretion, strike it out on motion, even though the motion to strike out is not made until all of the evidence is in.''

In § 224 of 64 C. J., p. 216, and laid down in the case of *Creed* v. *White,* 11 Hump. (Tenn.), 549, it is stated: ''. . . it has been held that it is error to deny a motion, made at any stage of the cause, to exclude illegal evidence, or irrelevant evidence which may embarrass the cause or mislead the jury.''

It is contended by appellee that the motion for a directed verdict made after both parties had rested was a sufficient objection to the hearsay evidence in question. Since the basis of this motion for a directed verdict was that these written statements constituted mere hearsay and were, therefore, incompetent and inadmissible, we are inclined to the opinion that appellee is correct in this contention. However, if no motion for a directed verdict had been made by appellee, we are of the opinion that the court had the power and of right could of his own volition refuse to permit the jury to consider the hearsay evidence in question. It is a matter of common knowledge that trial courts frequently do not pass upon the admissibility of evidence until both parties have rested. The court frequently, after both

parties have rested, directs the jury either to consider or not to consider certain evidence. When the evidence is incompetent and inadmissible, it is within the power of the court to instruct the jury not to consider it. And the court is not deprived of this power merely because incompetent or inadmissible evidence has been admitted without objection on the part of either of the parties involved.

Appellee moved for a directed verdict and this motion raised the question of the sufficiency of the evidence to go to the jury. At this time the trial court held that the written statements of parties attached to the deposition of the secretary of the appellant did not constitute evidence in the legal sense and that these statements were, therefore, inadmissible. There being no other evidence to sustain the defense relied on by appellant, the court directed the jury to return a verdict for appellee. We cannot say that the court committed error in doing so. No error appearing, the judgment is affirmed.