E. M. McWilliams v. R & T Transport, Inc.

5-4747                                          435 S.W. 2d 98

Opinion Delivered December 23, 1968

*John Wilson* and *S. Hubert Mayes* for appellant.

*Graves & Graves* for appellee.

LYLE BROWN, Justice.   This litigation stems from a two-vehicle collision.   Plaintiff below, E. M. McWilliams, is appellant here.   He appeals from his failure to obtain a judgment for damages against R & T Transport, Inc.   McWilliams challenges the introduction of alleged hearsay evidence and further contends the verdict was contrary to the law and the evidence.

McWilliams was operating a passenger car. Transport's driver was operating a tractor-trailer and pulling approximately 50,000 pounds.   The tractor was trailing the passenger car and they were proceeding east on East Third Street (Highway 67) in Hope.   Both vehicles were being driven at moderate speeds.   McWilliams resides on the south side of East Third and as he was preparing to turn to his right and into his driveway, the tractor's bumper (left front) made contact with the right rear of the passenger car.   The impact caused the McWilliams car to swerve abruptly to the right and into a tree adjacent to the driveway.   The McWilliams vehicle was substantially damaged and the driver received personal injuries, for both of which he sought compensation.

McWilliams testified that as he approached the point in the highway where he was to turn, he timely activated his right turn signal; that when he made his turn he did so within about five feet of the right curb line; that he at no time swung to the left to align straight with the driveway; and that when he was about half way through his turn the truck struck his car. Mrs. Springer lives in the second house east of the McWilliams residence and she testified she watched the acci-

dent from her breakfast room window. She was positive she saw the right turn signal operating.

The truck driver, Owen, testified that he had twenty-five years experience in long distance truck driving and had never had a chargeable accident; that in the east bound lane (stipulated to be twenty feet and eight inches in width) there was ample room to pass McWilliams on the right; that as Owen approached the car, McWilliams was very near the center line with his left turn signal operating; that as Owen came closer, McWilliams moved over the center line which emphasized to Owen that McWilliams was making a left turn. Owen further related that at that moment he started around McWilliams on the latter's right side; and that at about the same time, McWilliams turned abruptly to his right and in the path of the oncoming truck. Owen was corroborated by his relief driver. With respect to the location of the McWilliams vehicle at the moment of impact, Officer Rowe testified that the car was near the center line.

It will be noted that appellant had two witnesses who testified that the right turn signal was operating, whereas appellee's two witnesses insisted that the left turn signal was activated. Officer Sinyard, who arrived in a matter of minutes, observed the left signal light operating. McWilliams explained that he turned on that signal after the accident to see if the signals were working.

We have enumerated the critical facts upon which negligence on the part of both drivers could be hinged. We do so because the jury, by general verdict, placed at least a majority of the negligence on McWilliams; and he contends that such a finding is not supported in law and by substantial evidence. As to the law, the jury was instructed on all phases of possible negligence as to both drivers. Those instructions (AMI) are not questioned. As to the evidence, certainly it was con-

troverted. By its verdict it is apparent that the jury adopted the interpretation of the facts presented by appellee. The evaluation of credibility is the prerogative of the jury, not the trial court or the appellate court. We cannot disturb the findings of fact merely because of apparent contradictions which might appear to us to place appellee's proof against the weight of the evidence; we are not permitted to upset the findings unless we can say there is no reasonable probability in favor of appellee's version, and then only after giving legitimate effect to the presumption in favor of the jury findings. *Lumbermens Mutual Ins. Co.* v. *Cooper,* 245 Ark. 81, 431 S.W. 2d 256 (1968). Examining the testimony in light of those rules, it is readily apparent that we cannot say the verdict is unsupported by substantial evidence.

The other point advanced for reversal concerns the admission into evidence of excerpts from the letter of an examining doctor. That was Dr. Bransford of Texarkana, who examined McWilliams after the accident with respect to his hernia; the doctor reduced his findings to letter form. A copy of the letter apparently came into possession of Transport's counsel by means of discovery. McWilliams testified at the trial that the hernia became painful and that Dr. Bransford thought the pain was due to aggravation from the accident. Dr. Holt of Hope, McWilliams' local doctor, testified on direct examination that McWilliams had a hernia prior to the collision and that the impact from the accident *could* have aggravated that condition. Transport's counsel, on cross-examination and over objection, was permitted to ask Dr. Holt this question:

> Q. Now, my question about Dr. Bransford, if you were made aware that Dr. Bransford had reported in these words: "Cannot really say that the automobile accident aggravated his hernia in any way. It was quite large, and for all intents and purposes, unchanged from

his physical examination in 1964." Would that strengthen your belief that you cannot say it was aggravated by the accident?

Dr. Holt replied that he could not definitely attribute aggravation of the hernia to the accident. "All I can say is that he complained of pain following the accident," referring to pain from the hernia.

Appellant urges us to condemn the admission of the quoted excerpt from Dr. Bransford's letter as being hearsay. We must reject that plea, even if we agreed that it was hearsay. That is because the identical excerpt was propounded first to McWilliams on cross-examination. The witness examined the letter and conceded the correctness of the quotation. All of that was without objection. At that point the letter was tendered McWilliams' counsel, preparatory, so we perceive, to making the entire letter an exhibit. McWilliams' counsel objected to its introduction and was sustained. However, no complaint was made to the quoted excerpt having been introduced.

In *New Empire Ins. Co.* v. *Taylor,* 235 Ark. 758, 362 S.W. 2d 4 (1962), we cited the controlling rule from *McCormick on Evidence,* p. 126 (1954). Failure to object to incompetent evidence makes it admissible; it becomes a part of the evidence in the case; and it may alone or in part support a verdict. To the same effect, see *Consolidated Ind. & Ins. Co.* v. *Dean,* 188 Ark. 835, 68 S.W. 2d 460 (1934), and *Shide* v. *Burns,* 163 Ark. 27, 259 S.W. 372 (1924).

Affirmed.