LAWRENCE M. BEENE *v.* MYRDIS D. YOUNGBLOOD

5-5051                                    447 S. W. 2d 62

Opinion delivered November 17, 1969

*Williamson & Mattingly,* for appellant.

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellee.

CONLEY BYRD, Justice. Appellant Lawrence M. Beene was involved in a rear-end collision with appellee Myrdis D. Youngblood on Highway 65 near the Stark Gate Entrance to the Pine Bluff Arsenal. Mrs. Youngblood brought action against both appellant and her uninsured motorist insurance carrier, Northwestern National Casualty Company, for damages arising out of the collision. During the course of the trial a settlement was reached between Mrs. Youngblood and her insurance carrier and the trial proceeded against appellant. For reversal of the $5,500.00 judgment returned against him appellant relies upon the following points:

"I.    That the lower court erred in not granting

appellant's motion for mistrial because the appellant had been highly prejudiced by the question concerning the issuance of traffic tickets asked by appellee in the presence of the jury.

"II. That the trial court erred in not granting appellant's motion for a mistrial after defendant, Northwestern National Casualty Company, had settled in the course of the trial with appellee.

"III. That the trial court erred in allowing the actuary's testimony concerning total disability when the testimony had not established that appellee was totally disabled."

POINT I. The record here shows that Mr. Herman Minden, the state trooper who investigated the accident, had described the conditions he found at the scene of the accident. At this point counsel for appellee asked, "Now then did you issue any tickets for anyone?" When appellant moved for a mistrial the trial court instructed the jury not to consider the question for any purpose and further directed counsel for appellee not to interrogate the witness any further about the matter.

Appellant somewhat in reliance upon Ark. Stat. Ann. § 75-1011 (Supp. 1967), argues that the question created prejudice of such nature and degree that it could not be removed by the court's admonishment of the jury. We do not agree. In the first place, Ark. Stat. Ann. § 75-1011 refers to forfeiture of a bond or conviction as being incompetent testimony and makes no reference to arrest. In the next place the only apparent objection to the arrest by the officer is that it invades the province of the jury. In the case of *Briley* v. *White*, 209 Ark. 941, 193 S. W. 2d 326 (1946), in an almost identical situation we held that the trial court's instruction was sufficient to remove the prejudice.

POINT II. The record shows that upon the convening of court on the second day of trial, counsel for appellant made the following motion:

"MR. MATTINGLY: The defendant, Lawrence M. Beene, was advised in chambers this morning that a settlement had been reached between the plaintiff, Myrdis Youngblood, and the defendant, Northwestern National Insurance Company, and that, Northwestern National Insurance Company was no longer an interested party. The defendant, nor his counsel had been advised of any proposed settlement, nor had they agreed; therefore, the defendant, Lawrence Beene interposes an objection to the plaintiff proceeding further against the defendant, Lawrence M. Beene. I think that is about it.

THE COURT: Motion will be overruled."

As we interpret appellant's motion, it is nothing more nor less than an objection to any further proceeding against the defendant. It certainly does not amount to a motion for a mistrial and the record shows no objection made to any admonishment given to the jury in regard thereto. For this reason we find this point without merit.

POINT III. Appellee at no time contended that she was totally disabled. Her medical proof showed a permanent disability of 5 to 10% of the body as a whole, and nothing more. The proof of the actuary was based upon an assumption of an income of $173.60 every two weeks and appellee's life expectancy. Upon these premises the actuary testified that it would take $63,927.25 to pay a sum of $376.13 a month for the life expectancy of Mrs. Youngblood. No objection was made to this proof until after the trial court had commenced instructing the jury, long after the witness had left the witness stand. At that time appellant moved to strike the actuary's testimony.

As we view the record appellant's objection came too iate, *Johnston* v. *Ashley,* 7 Ark. 470 (1847); *The American Workmen* v. *Ledden,* 196 Ark. 902, 120 S. W. 2d 346 (1938); *Arkansas State Highway Comm'n* v. *Maus,* 245 Ark. 357, 432 S. W. 2d 478 (1968).

Affirmed.