## CITY OF HELENA, ARKANSAS v. R.L. CHRESTMAN, Jr.

CA 85-207                                707 S.W.2d 338

Court of Appeals of Arkansas
Division I
Opinion delivered April 9, 1986

*Porter & King*, by: *Durwood W. King*, for appellant.

*Reuben L. Chrestman, Jr., M.D.*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from an award of $13,875.00 to the appellee in Phillips County Circuit Court for property taken in a condemnation proceeding. The appellant condemned 4.93 acres of the appellee's land in 1980 to build Newman Drive within the City of Helena. On March 15, 1985, a jury trial was held to determine the amount of compensation, if any, to which the appellee was entitled for the taking. The appellant contended at trial that the value of the remaining 35.07

acres exceeded the value of the entire tract prior to the construction of the road, and therefore, the appellee was entitled to no compensation. The appellant's expert testified to that effect, stating that, prior to the taking, the land was worth $160,000.00 and that, after the taking, the remaining land was worth $173,500.00. The appellee testified that he did not feel that the property had increased in value, questioned the expert's comparing the large tract of property to sales of small tracts of frontage on the new road, and testified that the city had offered him $13,874.00 for the property, but withdrew the offer before he had accepted it.

■ The appellant's sole contention on appeal is that the jury's verdict is not supported by substantial evidence. However, we need not reach this argument because the appellant did not move for a directed verdict, nor did it move for judgment notwithstanding the verdict. Rule 50(e) of the Arkansas Rules of Civil Procedure requires that one of the above motions be made to challenge the sufficiency of the evidence to support a jury verdict; by its failure to do so, the appellant waives the right to challenge the sufficiency of the evidence. *B.J. McAdams, Inc.* v. *Doggett Leasing Co.*, 13 Ark. App. 162, 861 S.W.2d 406 (1984).

■■ Even had the appellant preserved the right to challenge the sufficiency of the evidence, substantial evidence was presented to support the jury's verdict. The appellee testified that the appellant had offered him $13,874.00 for the condemned land. While the appellant had previously objected to evidence of compromise during the cross-examination of its expert witness, as being inadmissible under Ark. Stat. Ann. § 28-1001, Unif. R. Evid. 408 (Repl. 1979), it was not a continuing objection. The appellant did not object to the evidence at the time of the appellee's testimony, nor did it ask the court to admonish the jury. By its failure to renew the objection, the appellant waived the error. *New Empire Insurance Co.* v. *Taylor*, 235 Ark. 758, 362 S.W.2d 4 (1962). In *New Empire Insurance Co.*, the Supreme Court stated:

In McCormick on Evidence (1954), we find,

"A failure to make a sufficient objection to evidence which is incompetent waives as we have seen any ground of complaint of the admission of the evidence. But it has another effect,

equally important. If the evidence is received without objection, it becomes part of the evidence in the case and is usable as proof to the extent of whatever rational persuasive power it may have. *The fact that it was inadmissible does not prevent its use as proof so far as it has probative value. Such incompetent evidence, unobjected to, may be relied on in argument, and in whole or in part may support a verdict or finding.* This principle is almost universally accepted, and *it applies to any ground of incompetency under the exclusionary rules.*"

Our own court has so held on numerous occasions.

235 Ark. at 764-65. (Emphasis added.) *Accord, McWilliams v. R & T Transport, Inc.*, 245 Ark. 882, 435 S.W.2d 98 (1968). We find that, because the error was not properly preserved, the appellee's testimony provides substantial evidence to support the jury's verdict.

Affirmed.

CRACRAFT, C.J., and GLAZE, J., agree.