2011 Ark. App. 655

**VILLAGE VENTURES REALTY, INC., a/k/a Era Equity Group, a/k/a Village Ventures Realty, Appellants**

v.

**Edward Allen CROSS, Appellee.**

**No. CA 11–260.**

Court of Appeals of Arkansas.

Nov. 2, 2011.

Philip Bradley Montgomery, Hot Springs, for appellant.

Gary Charles Miller, Hot Springs, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Village Ventures Realty appeals the October 28, 2010 judgment rendered in Garland County Circuit Court benefiting appellee Edward Allen Cross. Appellant sets forth four issues for this court's consideration, contending that (1) the trial court clearly erred by granting a judgment in favor of appellee without any admissible evidence introduced to support such an award; (2) the trial court's award was, in essence, a contempt fine, which the trial court lacked authority and evidence to grant; (3) the trial court clearly erred in granting a default judgment against appellant; and (4) the trial court erred by failing to grant appellant's motion to set aside and vacate the default judgment. We affirm the trial court's order.

## I. Statement of Facts

Appellee purchased property from appellant, a land developer. As an inducement to the sale, appellant gave the following representation in a written affidavit, signed by appellant's corporate secretary, Gary Coleman:

> I, the undersigned, do hereby agree to complete the roads in Mill Creek North to county specifications. All improvements to bring roads to county specifications will be made at my expense. The roads will meet county requirements including width, culvert, gravel, etc. The projection [sic] completion date is estimated to be on or before September 30, 1999.

Appellee filed suit for breach of contract and damages alleging that appellant had failed to perform its obligations. After almost two years, the parties consented to an October 7, 2008 agreed order in which appellant acknowledged and agreed to perform its obligations to maintain the roads at issue and to bring them to Garland County specifications. Appellant also agreed that any violation of the agreed order would be punishable as contempt of court.

Appellee filed a motion for contempt on November 12, 2008, and the trial court set the hearing for December 15, 2008. After a continuance was granted at the request of appellant, the matter came on for hearing on February 12, 2009. After hearing testimony concerning appellee's allegations of appellant's failure to perform its obligations, the trial judge called counsel into chambers, where the parties reached an agreement. Pursuant to that agreement, the trial court appointed County Judge Larry Williams as special master pursuant to Rule 53 of the Arkansas Rules of Civil Procedure (2009), to determine the condition of the roads at issue and the status of repairs, if any. The February 23, 2009 order provided:

> If procedures are not initiated and attempted within ... ninety (90) days, per County specifications, the Court will hold Defendant in Contempt and award Plaintiff a monetary damage amount payable by the Defendant in a sum required to hire the road work done in order to comply with said County specifications. This [monetary] sum will be treated as a Judgment as against Defendant and allowed to be collected as such under Arkansas law.

County Judge Williams submitted his report on May 8, 2009, finding that,

> little or no maintenance has been done ... a bridge washed out during the recent flooding ... [t]he road has had little or no gravel added in recent months ... several of its culverts are rusting out ... [t]he road is even in

worse condition due to the recent rains and difficult to navigate as a result.

Appellee filed another contempt motion on August 18, 2009, alleging that appellant had failed to remedy the road conditions. After a hearing, the trial court ordered on December 3, 2009, that it would accept affidavit evidence as to the cost of necessary work on the roads and bridges, and gave both parties an opportunity to submit such affidavits within thirty days of the hearing. The order further provides:

> After receipt and review, this Court will render Judgment awarding Plaintiff a monetary damage amount payable by the Defendant in a sum required to hire said road(s)/bridge(s) work to be done in a manner to comply with said County specifications. This monitory [sic] sum will be treated as a Judgment as against Defendant and allowed to be collected as such under Arkansas law.

Appellee timely submitted two affidavits with attached bids—one for bridge work and the other for road work. Appellant never submitted any evidence in rebuttal, and made no objection to the evidence submitted by appellee pursuant to the trial court's order. On September 21, 2010, the trial court announced its ruling in a letter to counsel for both parties. In that ruling, the trial court found damages in favor of appellee for the amount bid on the road-work portion of the work, but made no award for the bridge-work portion.

On October 28, 2010, the trial court rendered judgment for appellee in conformance with its letter ruling of September 21, 2010. Appellant filed its notice of appeal on November 24, 2010. In its appeal, appellant asserts that the trial court was without authority to grant a judgment in appellee's favor and that there are five problems with the trial court's final order: (1) appellee never requested damages and never put on any evidence to establish damages; (2) there was never a finding

that appellant failed to comply with the agreed order, which required it to maintain the gravel roads per county specifications; (3) the order does not designate how the trial court determined the damages; (4) appellant was never provided an opportunity to contest appellee's affidavits, either through evidence of its own or by cross-examination; and (5) the order does not require appellee to use the judgment obtained to construct, maintain, and repair the road. These problems, along with appellee's contentions, are addressed within appellant's points on appeal.

## II. Lack of Evidentiary Hearing

Appellant first argues that the trial court was clearly erroneous in granting a judgment in favor of appellee, arguing that no admissible evidence was introduced to support such an award. Appellant contends that it was not given an opportunity to have a hearing on the issues raised in the affidavit submitted by appellee. Citing *Blaylock v. Blaylock*, 2011 Ark. App. 3, 2011 WL 51465, appellant claims that the trial court must hold an evidentiary hearing and cannot accept documents attached to letter briefs as evidence.

In *Blaylock, supra*, we held that the trial court erred in issuing a ruling without an evidentiary hearing when interpreting the parties' divorce settlement. *Id.* There, the trial court had failed to hold an evidentiary hearing on the merits of the parties' petitions; yet, it made factual findings, presumably based on some exhibits that were appended to a letter brief. *Id.* We held that the letter briefs did not satisfy the requirements of a summary-judgment motion as specified by Arkansas Rule of Civil Procedure 56(c) (2010). *Id.* Additionally, we held that the trial court erred in making findings of material fact without an adversarial hearing because its particular ruling therein required it to de-

termine the admissibility and weight to be afforded certain documentary evidence. *Id.*

Appellant claims that it, likewise, was never provided with an opportunity to contest the information contained in the affidavit that formed the basis for the judgment, either by introducing its own evidence or through cross-examination. It argues that the bid relied on by the trial court was for a paved road, and was thus an inflated bid. It maintains that there has never been a requirement that the road at issue be paved and that it was not allowed an opportunity to be heard. Finally, appellant contends that the affidavits provided were hearsay under Rule 801 of the Arkansas Rules of Evidence (2011).

Appellee counters that the judgment was based on competent evidence including the findings of the master and the affidavits duly submitted through the process agreed to by appellant. Appellant objected to neither the master's report nor the admissibility of the affidavits. Thus, appellee claims that the issue is not preserved, and we agree. *See City of Helena v. Chrestman,* 17 Ark.App. 235, 707 S.W.2d 338 (1986).

### III.   *Contempt*

Appellant next argues that the trial court's award was a contempt fine, which the trial court lacked authority to grant. It cites *Omni Holding and Development Corp. v. 3D.S.A., Inc.,* 356 Ark. 440, 156 S.W.3d 228 (2004), which distinguishes between civil and criminal contempt and holds that the defendant was held in civil contempt, which is designed to coerce compliance with the court's order. *Id.* In contrast, criminal contempt carries an unconditional penalty, and the contempt cannot be purged. *Id.*

In the instant case, appellant argues that neither civil nor criminal contempt took place. It claims that compliance with the trial court's agreed order to maintain the roadways will not free it of its obligation to pay $178,544.78 directly to appellee. Appellant also asserts that there was no finding of contempt in this matter. Further, it contends that even if a finding of contempt had been made, the court-ordered amount of damages was not remedial, because it was not stated as a fine and did not allow appellant to avoid payment upon completion of the required tasks in the agreed order, and it was not punitive, because appellant was not directed to pay the amounts to the court itself. *See Omni Holding, supra.*

Appellee maintains that the circuit court's ruling—awarding damages to restore the roads to the condition in which they should have been had appellant complied with its agreements and orders in the case—was wholly appropriate. Appellant agreed that any failure to comply with the agreed order could be punished by contempt. Further, appellant agreed to the appointment of the master who determined that appellant had failed to comply. Finally, appellant agreed to the procedure by which estimates of the cost necessary to bring the property to the agreed condition would be submitted.

Appellee contends that *C.R.T., Inc. v. Brown,* 269 Ark. 114, 602 S.W.2d 409 (1980), is particularly applicable. There, the Arkansas Supreme Court upheld the trial court's award of damages based on an estimate of an environmental clean-up business. *Id.* In contrast, appellant claims that reliance on *C.R.T.* is misplaced. First, appellant argues that there was an adversarial hearing in *C.R.T.,* wherein the parties had the opportunity to present evidence and cross-examine witnesses. Second, appellant contends that the judgment in *C.R.T.* was based on evidence of actual damages suffered by virtue of the defen-

dant's contempt. In the instant case, appellant argues that there was no adversarial hearing regarding the issue of damages. Moreover, appellant maintains that appellee has never asserted that he suffered damages as a result of the alleged breach of the original agreed order. However, we do not find appellant's distinctions helpful, in that it was given an opportunity to present its own affidavits, but chose not to do so. Further, appellant agreed that contempt would be a remedy for failure to maintain the roads pursuant to the agreement and orders.

■ Our standard of review for civil contempt is whether the finding of the circuit court is clearly against the preponderance of the evidence. *See Gatlin v. Gatlin,* 306 Ark. 146, 811 S.W.2d 761 (1991). Here, the trial court's ruling falls within the civil-contempt category. Had appellant complied with the trial court's orders to maintain the roads, it could have avoided the judgment. We affirm the trial court's order of contempt, holding that the trial court's finding of contempt is not clearly against the preponderance of the evidence.

### |₈IV. *Default Judgment*

■ Appellant next claims that the trial court was clearly erroneous in granting a default judgment against it. First, appellant asserts that it was not afforded an opportunity to respond to appellee's motion for default judgment. Second, appellant argues that the trial court granted damages to appellee without holding an evidentiary hearing, which is contrary to Arkansas Rule of Civil Procedure 55 (2011). Appellant contends that Rule 55 requires three-days' notice be provided to a defaulting party who has entered an appearance and that it was not given notice. Appellant claims that, even though it was given an opportunity to file an affidavit and failed to do so, it had no indication

from the prior orders that the trial court would not require a hearing to determine the authenticity and accuracy of the affidavits supplied by appellee. Appellant also argues that the judgment creates no condition on the use of the money. It asserts that appellee is effectively provided a windfall and is not required under the judgment to rebuild, repair, or maintain the roads at issue.

The trial court committed no reversible error by granting the judgment against appellant. We recognize that the title of the judgment should not have been "default judgment" because an answer had been filed. However, all pleadings should be liberally construed as to do substantial justice. *See* Ark. R. Civ. P. 8 (2011); *see also* Ark. R. Civ. P. 61 (2011). Finally, appellant's arguments are not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. *See* Ark. R. Civ. P. 11 (2011). Appellant cites no authority to support its complaint that the judgment creates no condition on the use of the money. Accordingly, we affirm on this point.

### |₉V. *Motion to Set Aside Default Judgment*

■ Appellant argues that the trial court erred by failing to grant its motion to set aside the default judgment, contending that the documents upon which the trial court relied were fraudulently submitted because the bids were inflated. Appellant claims that the bids were inflated because they were for the construction of an asphalt road, as opposed to gravel. It asserts that the trial court should have set aside the judgment pursuant to Arkansas Rules of Civil Procedure 55(c)(1)-(4) (2011) and 60(c)(4) (2011). Appellant contends that the inflated price of the work contained in the affidavit amounts to a fraud

upon the trial court and that, based on the fraud alone, this court should set aside the default judgment.

Appellee argues that submission of evidence to which appellant did not object, and with which it only now disagrees, falls short of justifying appellant's allegations of fraud. We hold that appellant's arguments regarding fraud are without merit. Appellant had an opportunity to submit its own affidavits, but chose not to do so. Further, appellant agreed that the trial court would choose among the affidavits in determining the judgment. Appellant also agreed that the trial court would award "Plaintiff a monetary damage amount payable by the Defendant in a sum required to hire said road(s)/bridge(s) work to be done in a manner to comply with said County specifications." This agreement was made after appellant responded to a contempt motion on August 27, 2009, arguing that it had not been provided guidelines for maintenance of county roads.

Affirmed.

VAUGHT, C.J., and MARTIN, J., agree.